## J. D. FOX v. BIRDIE F. EASTER.

(Filed Sept. 5, 1900.)

1. PAROL CONTRACT FOR SALE OF REALTY, INVALID. A parol contract for the sale of real estate is invalid and no action will lie for the recovery of damages for breach of such a contract.

2. MEMORANDUM, RECEIPT DOES NOT CONSTITUTE, WHEN. An ordinary receipt for a portion of the purchase money for real estate will not constitute such a memorandum as will satisfy the statute of frauds, unless it shows on its face, or by reference to some other instrument, every material part of a valid contract on the subject.

3. COMMON COUNT, MUST SHOW WHAT. A common count for money paid out and expended at the instance or request of a third person and for his use, in order to withstand a demurrer, must aver such facts as will show either an express agreement or an implied obligation to pay the sum claimed, and should aver not only that the money was paid at the request of the defendant, but that it was paid for his use and benefit.

4. PROOF OF PAYMENT OF MONEY, WHEN ERROR TO ADMIT. Where an action is brought for money paid out and expended for the use of another, it is error to admit proof of items which are purely elements of damage for breach of an invalid contract, and that constitute losses sustained by the plaintiff instead of money actually paid out and expended.

(Syllabus by the Court.)

*Error from the District Court of Grant County; before Jno. L. McAtee, District Judge.*

*W. H. C. Taylor,*   for appellant.

*Wasson & Freeland,* for appellee.

Opinion of the court by

BURFORD, C. J.: The plaintiff below, Birdie F. Easter, brought an action in the probate court of Grant county against J. D. Fox to recover damages for a breach of contract. The cause was tried in the probate court and judgment rendered in favor of the plaintiff. The case was then appealed to the district court of Grant county, where it was again tried and judgment rendered in favor of plaintiff, Easter, from which Fox appeals to this court.

The petition on which the cause was tried is as follows (omitting title and caption):

"The plaintiff for a cause of action against the defendant alleges and shows that she is the owner of the east half of lot No. 6 in block No. 41, in the city of Pond Creek in Grant county, Oklahoma, and was at all times herein referred to. That about the — day of August, 1898, the defendant J. D. Fox commenced negotiations with the plaintiff for the purchase of said lot which negotiations were by letter and by telegram in writing and authorized by defendant and which have since been mislaid and lost; copies of letters, as near as the same could be supplied from memory and copy of telegram attached hereto, supplied by order of the court. Exhibits "A," "B," "C," and "D."

"That on or about the 11th day of August, 1898, the said plaintiff and defendant completed the said negotiations orally and based on said writing and the said J. D. Fox then and there agreed to purchase the said lot and

the appurtenances thereto belonging for the sum and consideration of one thousand and fifty dollars, to be paid to this plaintiff, and the said defendant as earnest money and to bind the plaintiff and defendant to the keeping and full performance of said contract so made and entered into then and there paid the plaintiff ten dollars in part payment of the consideration for said lot and took plaintiff's reecipt in writing therefor, a copy of which is hereto attached, marked "A." and made a part hereof, leaving as the unperformed part of said contract the sum of one thousand and forty dollars to be paid by the said defendant J. D. Fox within the period of fourteen days from the date of said payment, and on the part of the plaintiff the making of a good and sufficient warranty deed in writing for said property to whomsoever the defendant might order or direct.

"Plaintiff says that on the 13th day of August, 1898, she made in writing a good and sufficient warranty deed for said property to the person named by the defendant and as ordered and directed by him and notified the said defendant that said deed was ready for delivery and thereupon the defendant inspected and examined said deed and approved the same and promised the payment of the said one thousand and forty dollars within the time agreed upon in said contract and on or before the 25th day of August, 1898.

"Plaintiff says she has been ready at all times since August 13, 1898, to deliver said deed.

"Plaintiff says that defendant has committed a breach of said contract and has wholly refused to pay the said thousand and forty dollars, though often requested to do.

"Plaintiff says that at the time said contract was made she had a tenant in the house on said lot who was paying her a good rental of $25.00 per month. That in order to carry out said contract, she, at defendant's request, procured the said tenant to vacate and give over the possession of the same to plaintiff, and thereby lost the income

therefrom, from the rental of said property for five months, and in order to induce the said tenant to deliver up the possession of the same it was necessary to pay him at defendant's request the sum of fifty dollars.

"Plaintiff alleges and shows that the special damages she has sustained by reason of the breach of said contract by the defendants are as follows:

| | |
|---|---:|
| Cost of deed ............ ....·.............. $ | 1.00 |
| . Revenue stamps thereon ............... | 1.50 |
| Abstract of title (expense) .......... | 3.50 |
| Money paid to tenant to vacate property. | 50.00 |
| Loss of rental for five months at $25 per month .... .... ...... ........·.... | 125.00 |

Total special damages ...........$181.00

"Damages the necessary, proximate and direct result of the breach of said contract not included in the above special damages, $200.00.

"Wherefore, the plaintiff asks that she recover of and from the said defendant the sum of three hunudred and eighty-one dollars, which is justly due her, and no part of which has been paid, and the costs of this action.

"WASSON AND FREELAND, Attys. for Plaintiff. ·

EXHIBIT "A."

"8-11-1898.

"Received of J. D. Fox & Co., ten and no 100 dollars as part payment on E. ½ of lot 6, in block 41, City of Pond Creek, O. T.    MRS. ELLA BLAKE.

"B."

"Pond Creek, O. T. August, 1898.

"Dear Daughter: Mr. J. D. Fox has been negotiating with me to buy your property, the restaurant house and lot, he has offered $1,050.00 for the place. Shall I sell for that amount? Answer by telegram.

"Your mother,    ELLA BLAKE.

"C."

Topeka, Kans.

"Dear Mamma: I received your letter and will go im-
mediately and send you a telegram, you are there and
know what the outlook is, do as you think best. Letter
follows telegram. Your daughter,

"BIRDIE.

."D."

"Telegram" 10 Paid.
"Received at 11:50 A. M. Topeka, Ks., 8-11-98.
"Ella Blake, Pond Creek, O. T.

"Do as you think best. Letter follows telegram at once.

"BIRDIE."

To this petition a demurrer was filed and presented to
the district court. The court held that the alleged con-
tract was within the statute of frauds, and that no action
would lie for a breach of such contract; but that the peti-
tion stated a good cause of action for money by the plain-
tiff at defendant's request. The demurrer was sustained
on the first ground and overruled on the second. To this
ruling each party excepted.

The plaintiff in error now complains of the ruling in so
far as the court held the petition sufficient for money paid
at defendant's request, and the defendant in error, on
cross petition in error, complains of the ruling whereby
the demurrer was sustained on the ground that the con-
tract was within the statute of frauds.

We can consider these two questions together. It will
be observed that it is not alleged in the petition that the
contract of sale was in writing, nor is it alleged that the
deed was ever delivered or accepted, nor was the defend-
ant ever in possession. The cause of action stated is one
to recover damages for a breach of an oral contract for
sale of real estate, and is on the theory that the receipt,

letters, and telegrams constitute a sufficient memorandum to take the case out of the statute of frauds. Our statute, sec. 821, provides :

"The following contracts are invalid unless the same, or some note or memorandum thereof be in writing and subscribed by the party to be charged or by his agent. An agreement for the leasing for a longer period than one year, or for the sale of real property or of an interest therein, and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subcribed by the party sought to be charged."

The letters and telegrams between the plaintiff and her mother, Mrs. Blake, can be of no value in this case except in determining the question of agency. Undoubtedly Mrs. Blake was agent of the daughter, Miss Easter, for the purpose of negotiating a sale of the real estate in question, and so far as appears from the petition and exhibits the oral agreement was made with Mrs. Blake. But the letters and telegrams only passed between the principal and agent, and are in no manner binding on the defendant Fox.

It is contended by counsel for the plaintiff that the receipt for money paid on the purchase price of land was a sufficient memorandum to make the contract valid and binding. Their contention is not well founded. In 8 Am. & Eng. Enc. Law, 710, 1st Edition, it is stated that the memorandum of an agreement sufficient to satisfy the statute of frauds need not be in any way a formal document, but it must contain the whole contract; it must be made before the action is brought, and must be signed by the party to be charged or some one authorized to act for him. And on page 72 of same volume it is again said:

"It must show what contract was finally agreed upon, and the exact nature of that contract; accordingly it must set out the parties, the subject matter, the price, the terms, and conditions," etc.

As to whether an ordinary receipt for money will constitute such a memorandum as will satisfy the law, was decided by he supreme court of Indiana at a very early day and the case is frequently cited as precedent. In *Barick-man v. Kuykendall*, 6 Blackf. 21, that able expounder of the common law, Mr. Justice Blackford, said:

"The defendant insists that the receipt signed by the vendor for part of the consideration money is a sufficient writing to satisfy the statute, but that is not so. The receipt, it is true, is not objectionable as a contract within the statute merely because it has the signature of but one of the parties, *Laythoarp v. Bryant*, 2 Bingh. N. Cas. 735, but it is objectionable as such contract because it does not describe the land, and because it does not state the amount of the purchase money, nor any of the other terms of the contract. To ascertain these particulars, recourse must be had to parol testimony, which the statute does not permit."

This rule is applicable to the case stated in the petition. The contract is not one that could be enforced; it is by the terms of the statute invalid, and being invalid, there can be no breach, and hence no damages are recoverable by reason of a failure to comply with such contract. The trial court was correct in its ruling on this portion of the petition.

The plaintiff in error very urgently contends that the court erred in holding that the petition stated a cause of action for money expended on account of defendant below. As before stated the pleader attempted to state a cause of action to recover damages for breach of contract. The

only allegation in the petition that any money was expended by direction of the defendant is in the paragraph wherein it is alleged that plaintiff, in order to procure possession of the property from her tenant, paid him fifty dollars at defendant's request. There is no allegation that any of the other items of damages set out in the petition were paid for the use of the defendant or at his request, or for his benefit. Are these allegations sufficient to withstand the demurrer?

In 14 Am. & Eng. Enc. Pl. and P. p. 35, it is said:

"The count for money paid alleges an indebtedness to the plaintiff, for so much money by the plaintiff before that time paid, laid out and expended, to and for the use of the defendant at his special instance and request. There must be a direct allegation that the money was paid at the defendant's request. They should allege that the payment was for the use of the defendant."

There is no averment in the petition that any of the items claimed were paid for the use of the defendant. They might have been paid at his request, and yet not for his use or benefit in the least. In charging on the common count for money expended at one's request it must also be for his use or for his benefit. (Boone on Code Pleading, s. 171.)

It is not alleged, nor can it be inferred that the items claimed in the petition were any of them debts of the defendant. If he became liable for them, it was by reason of some agreement to pay them, or some implied liability by reason of said sums having been paid at his request for his use or benefit, or to discharge an obligation for which he was liable. The facts pleaded do not show any agreement or implied obligation, and to render the defendant liable as for money expended or paid for his use

the fact should have been pleaded, or the direct allegation made that the defendant was indebted to the plaintiff for money paid to his use. We think the court erred in overruling the demurrer to part of the petition.

It is next contended that the court erred in the admission of testimony, and in the assessment of the amount of the recovery.

It appears from the evidence that after the plaintiff procured the tenant to vacate the property, she and her mother continued the restaurant business in the building for quite a period. The court permitted her to show that she had been doing an unprofitable business, and that by reason thereof she had lost the difference between what she realized as a profit from the business and the monthly rental she would have received had the tenant continued to the end of his term at $25.00 per month. This loss of profits or loss of rents was purely an element of damages which could only be recovered in an action for breach of the contract to purchase, and the court having eliminated that branch of the case, it was error to receive evidence of this item of damages or less. If the defendant was liable on implied contract for money paid out for his use and at his instance, then the proof should have been confined to the allegation that plaintiff paid fifty dollars at his request. He was liable, if at all, on this theory, for the fifty dollars; no more and no less; and the amount she might have received had the tenant remained, could in no sense be treated as money paid out and expended for defendant's use.

In assessing the amount of plaintiff's recovery, the court fixed it at $12.50 per month from August 11th, 1898, the date of the oral agreement to sell, to the 12th day of Janu-

ary, 1899, the date when the tenant's lease would have terminated had he not given possession on payment of the $50.00 for remainder of his term. This finding of the court makes it clear that the court assessed to her the damages that she sustained by reason of having lost the rents from the tenant less the amount of her own profits in business during the same period.

For these errors the judgment of the district court must be reversed, and the cause is remanded to the district court of Grant county, with directions to sustain the demurrer to the petition, and for such further proceedings as may be consistent with this opinion.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.