## HARRIS *et ux.* v. ARTHUR.

No. 2277.   Opinion Filed October 23, 1912.

(127 Pac. 695.)

1.   **FRAUDS, STATUTE OF—Operation of Statute—Part Performance.**  Relief against the operation of the statute of frauds, sometimes granted by the court on account of a partial performance of a contract, invalid under the statute, proceeds through the doctrine of an equitable estoppel.

2.   **SAME.**  Where suit is brought on a parol contract for the sale of an interest in land, proof that the owner executed a deed thereto and notified the purchaser thereof is not sufficient to take the contract out of the operation of the statute of frauds.

3.   **SAME.**  H. was in possession of certain school lands as a lessee of the state.  A. verbally agreed to give her a sum of money if she would relinquish her right to the land in his favor as permitted by the law, so that he could lease same.  H. executed her relinquishment, conditioned that the same land be leased to A., and filed such conditional relinquishment in the land office.  A. never received the lease, nor took any steps to acquire same. Nothing was paid nor was possession given.  H. sued A. for the sum he had agreed to give for her interest in the land.  **Held,** that the contract is invalid and unenforceable under the statute of frauds.   Section 1089, Comp. Laws 1909.

4.   **SAME.** Acts done under a parol contract for the sale of an interest in land most frequently held as such part performance as to take the same out of the statute of frauds, are:   (a) The delivery of possession to, or the assumption of exclusive and notorious possession by, the vendee under the verbal contract of sale, and with the knowledge of the vendor, accompanied by part payment of the consideration; (b) or the expenditure of money by the vendee in making improvements, permanently beneficial to the estate, with the knowledge of the vendor, and in pursuance of such parol agreement of sale; (c) or where the parties have so acted under the parol agreement as to alter their position so that a restora-

tion to the former position is impractical or impossible; (d) or where the parties have so acted under the agreement that to allow the defendant to take shelter under the statute, would be to inflict an unjust and unconscientious injury or loss upon the other party.

(Syllabus by Brewer, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by F. O. Harris and Z. D. Harris, his wife, against W. J. Arthur. Judgment for defendant, and plaintiffs bring error. Affirmed.

*Gilbert & Bond,* for plaintiffs in error.

*Jas. L. Brown,* for defendant in error.

Opinion by BREWER, C. The plaintiffs in error, as plaintiffs below, instituted this suit on January 17, 1910, in the district court of Oklahoma county by original petition. After a demurrer had been sustained thereto and an amended petition filed, a general demurrer to the amended petition was again sustained by the court, to which action plaintiffs excepted, refused to plead further, and bring this case here on transcript for a review of the action of the trial court in sustaining the demurrer. The petition alleges, in substance, that the plaintiff Z. D. Harris was in possession of and holding as lessee lots 19, 20, 21, 22, 23, and 24, in block 9, being a part of the W. ½ of the N. W. ¼ of section 27, township 14 N., range 1 E., in Oklahoma county. A copy of her lease from the officials of the State Land Department is attached, showing those lots to be a part of an addition to the town site of Luther. That the defendant, Arthur, made a verbal agreement with plaintiffs; that upon her relinquishment of her leasehold interest so that he could procure a lease thereon from the Land Department; that he would pay her the sum of $1,000. That, in pursuance of such verbal agreement, the plaintiff executed such relinquishment of her leasehold interest and filed same with the Land Department. The relinquishment is attached as an exhibit to the petition, and is as follows:

"December 16th, 1909. I hereby relinquish all of my right and title in and to the within lease, upon condition that a new

lease be executed to W. J. Arthur, whose postoffice address is Luther, Oklahoma, for the unexpired term. Z. D. Harris, Lessee. F. O. Harris, Husband."

That plaintiff, Z. D. Harris, has paid all rentals and assessments due or to become due within six months, thus qualifying herself to relinquish her interest, with preference right to lease the land upon the part of defendant; that, upon the filing of said relinquishment, the Land Commissioners thereupon notified defendant of his right to secure a lease thereon under the law; that all of said acts were done by plaintiffs in pursuance of the oral contract with defendant; that thereupon plaintiffs became entitled to the immediate payment of the $1,000 agreed upon, but, although demand had been made therefor, defendant failed to pay to plaintiffs any part of said sum, to their damage in that amount.

The court sustained a general demurrer to the petition on the ground that it was a verbal contract for the sale of an interest in lands, and therefore fell within the statute of frauds and was void and unenforceable. The determination of this question settles the case without a consideration of certain other points raised by the defendant in erorr. The statute of frauds involved here is as follows (section 1089, Comp. Laws 1909):

"The following contracts are invalid, unless the same, or some note or memorandum thereof be in writing and subscribed to by the party to be charged, or by his agent. (5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

The plaintiffs in error do not challenge the proposition that the sale herein involves an interest in land, but claim that the case is taken out of the statute on the ground of "part performance." To quote plaintiffs' brief, "the plaintiffs fulfilled their portion of the contract, and nothing remained to be completed but the payment of the money by defendant," and to support the contention cite *Logan v. Brown*, 20 Okla. 334, 95 Pac. 441, 20 L. R. A. (N. S.) 298, *Riggles v. Erney et al.*, 154 U. S.

244, 14 Sup. Ct. 1083, 38 L. Ed. 976, and *Williams v. Morris,* 95 U. S. 444, 24 L. Ed. 360.

We have examined the cases relied upon by plaintiffs in error, and think it plain that the doctrine they announce is not applicable here. In *Logan v. Brown, supra,* the defendant, Logan, took plaintiff's property by deed for the purpose of selling it for plaintiff, Brown, which he did, and, when he refused to turn over to her the money in his hands derived from a sale of her own property, he was sued, and a recovery sustained in this court, for the money which he failed to turn over. The whole of the doctrine of that case is summed up by the court as follows:

"It will be seen that the law as declared in the foregoing authorities is that, where one takes title to real property under a parol agreement to hold the same and sell it as agent for the grantor, after having sold it and received the proceeds, he is liable for the proceeds thereof to the grantor."

That is all that case decided in so far as the statute here involved is concerned, and has no bearing on this case. *Riggles v. Erney et al., supra,* is likewise not in point. In that case the father devised two separate parcels of land to certain heirs mentioned, and on certain conditions. The heirs, being all of full age, met together, and by verbal agreement sold one of the parcels of land and divided the proceeds among themselves according to the terms of the verbal agreement. The defendant accepted her share in the division. Later the question arose as to how the other parcel of land should be disposed of; the defendant claiming it should be distributed according to the terms of the will, which would result in her receiving a much larger share than if disposed of under the verbal agreement under which the rest of the estate had been distributed. To sustain this contention she set up the statute of frauds. But the court held that, having taken and retained the benefits arising out of the sale under the parol agreement of a large portion of the estate, thus altering the relation of the parties so as to prevent their restoration to their former condition, she could not interpose the statute of frauds as a defense against the performance of the parts of the parol agreement remaining to be performed. Neither does the case of *Williams v. Morris, supra,* help the plaintiffs here. In

that case the statute of frauds was held to be a good defense against the claims of part performance, etc., and in that case much stronger reasons are urged for taking the contract out of the statute than in the one at bar.

The claim of "part performance" relied upon to take a case out of the statute of frauds is addressed to the equitable jurisdiction of the court. The principle upon which courts of equity proceed in enforcing oral contracts covered by the statute of frauds, and which have been acted upon by the party seeking relief, is clearly stated in Browne on Statute of Frauds (5th Ed.) sec. 455:

"In a suit founded on part performance, the defendant is really charged upon the equities resulting from the acts done in execution of the contract, and not (within the meaning of the statute) upon the contract itself. If such equities were excluded, injustice of a kind which the statute cannot be thought to have had in contemplation would follow."

The relief against the statute, granted under a given state of facts, proceeds through the application of the doctrine of an equitable estoppel. This seems to be the view of Justice Wells, who in *Glass v. Hulbert,* 102 Mass. 38, 3 Am. Rep. 418, says:

"We apprehend that in most instances where fraud, occasioning a failure of written evidence of an agreement, or particular stipulation, has been held to take the case out of the statute of frauds, there was some fact of prejudice to the party, or change of situation consequent upon the fraud, which was regarded as sufficient to make up the elements of an equitable estoppel."

Indeed, the whole doctrine, it seems to us, may be summed up thus: That the courts will not allow the defense of the statute of frauds, when in so doing it becomes an instrument for perpetrating a fraud. And this is accomplished, not by an abrogation of the statute, but by holding that the party is in equity estopped from making use of the statute in his defense.

The acts done under a verbal contract for the sale of an interest in land, most frequently held as sufficient to take the contract out of the statute of frauds, or, perhaps, more accurately speaking, which will prevent the use of the statute, may be summarized as follows: The delivery of possession to, or the as-

sumption of exclusive and notorious possession by, the vendee, under the verbal contract of sale, and with the knowledge of the vendor, accompanied by part payment of the consideration. Or the expenditure of money by the vendee in making improvements, permanently beneficial to the estate, with the knowledge of the vendor, and in pursuance of such parol agreement of sale. Or where the parties have so acted under the parol agreement as to alter their position so that a restoration to the former position is impractical or impossible. Or, where the parties have so acted under the agreement that to allow the defendant to take shelter under the statute would be to inflict an unjust and unconscientious injury or loss upon the other party. Browne, Statute of Frauds (5th Ed.) 455 *et seq.* And the following general statement is found in Wood on Statute of Frauds, sec. 483:

"It is in general the essence of an act of part performance that the court shall by reason of the act itself, without knowing whether there was an agreement or not, find the parties unequivocally in a position different from that which, according to their legal rights, they would be in if there were no contract."

On the question of what acts will not be sufficient to relieve against the operation of the statute, we quote Wood on Statute of Frauds, sec. 485:

"An act merely introductory or ancilliary to the agreement, though attended with expense, does not amount to part performance, and an act which, though in truth done in pursuance of a contract, admits of explanation without supposing a contract, is not in general admitted to constitute an act of part performance taking the case out of the statute. Thus, the giving instruction to a solicitor to prepare a lease, or a conveyance, even though the defendant has altered the draft in his own hand, and sent it back to be engrossed, admeasurements, by a surveyor, going to view the estate, the delivery of an abstract of title, the appointment of a person to appraise stock, or of an arbitrator to value the land, registering the conveyance, are not acts of part performance to take a case out of the statute. Nor will the preparation and signature by the defendant of a deed, which has never been parted with by his solicitor, amount to an act of part performance. In the case of a purchase of different lots by different parol contracts, part performance as to one of the lots

will not take the agreements as to the other lots out of the statute."

See list of authorities cited by the author. And Browne on Statute of Frauds (5th Ed.), sec. 460, after a practical repetition of the above language, adds:

"It is obvious that such acts as these, though tending to show a treaty in progress between the parties, do not prove any agreement executed between them, do not show the parties in a position different from that which they would be in, according to their legal rights, if there were no contract made.".

A brief analysis of the allegations of the petition here will, it appears to us, clearly demonstrate that the contract in suit falls squarely within the statute. Reduced to its material averments, the petition discloses that plaintiffs had an interest in land, and defendant verbally agreed to buy it for $1,000; that plaintiff executed a release of her interest, conditioned that defendant be permitted to take it, and that he failed to do so, and is sued on his verbal contract. It may be illustrated in a still simpler way: A. has a town lot. B. meets him on the street and verbally agrees to give him $100 for the lot. A. then goes to a notary and executes a warranty deed to the lot and deposits it in a bank and notifies B. to go and pay the money and get the deed. We find no authority to sustain the view that B. could be compelled to take the land. And that is this case.

It must be borne in mind that defendant's sole connection with this case is his alleged verbal contract. He signed nothing; yet he was the party to be charged. He received nothing, nor did the plaintiff part with anything. Her relinquishment was only on condition that the land be leased to defendant. If for any reason it was not, under the terms of the relinquishment, all her rights were retained. So far as is shown, she still owns the lease and is in possession.

The defendant performed no part of the contract; received neither possession nor other thing of value under it. The plaintiffs have not had their position changed so that they cannot be restored to their former position; indeed, their position is not shown to have been altered as to title, possession, or in any other way. No one would contend that, under this same situation, de-

fendant could have enforced specific performance had plaintiffs declined to carry out the contract, nor will a suit lie for damages for the breach of such a contract. In *Fox v. Easter,* 10 Okla. 527, 62 Pac. 283, paragraph 1 of the syllabus is:

"A parol contract for the sale of real estate is invalid, and no action will lie for the recovery of damages for breach of such a contract."

That case also holds that an ordinary receipt for a portion of the purchase money will not take a case out of the statute. Paragraph 1 of the syllabus to the case of *Crabtree v. Eufaula Cotton Seed Oil Co.,* 32 Okla. 465, 122 Pac. 664, reads:

"A verbal contract for the sale of 50 tons of cotton seed meal at $24.50 per ton, and 360 tons of cotton seed hulls at $5.50 per ton, to be delivered in the future, where no part of the consideration is paid, and no part of the goods are delivered, is within the statute of frauds (Comp. Laws 1909), is invalid, and cannot be enforced by either party; nor can a claim for damages be predicated on a breach thereof."

The same rule is announced in *Grant et al. v. Milam,* 20 Okla. 672, 95 Pac. 424. In the course of the opinion it is said:

"The contract, being then within the statute of frauds, could not have been enforced by the plaintiff or the defendant, nor could any damages or obligations have been predicated upon its breach by either of the parties."

For the general application of the statute of frauds, see, also, *McCormick v. Bonfils,* 9 Okla. 605, 60 Pac. 296; *Fox v. Easter,* 10 Okla. 527, 62 Pac. 283; *Halsell et al. v. Renfrow et al.,* 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286; *Id.,* 202 U. S. 287, 26 Sup. Ct. 610, 50 L. Ed. 1032, 6 Ann. Cas. 189; *Baker v. Haswell & Taylor, post,* 128 Pac. 1086.

From all of which we conclude that the court did not commit error in sustaining a demurrer to the petition, and that the case should be effirmed.

By the Court: It is so ordered.