## DAVIS v. HOLMAN.

No. 22126. Opinion Filed Feb. 14, 1933.

Supplemental Opinion on Rehearing Filed and Rehearing Denied April 4, 1933.

R. D. Miller, for plaintiff in error.

W. T. Jeter and W. B. Garrett, for defendant in error.

RILEY, C. J. This is an appeal from a judgment and decree in favor of defendant in error for specific performance of a contract for the sale of real estate. The parties will be referred to as in the trial court.

The plaintiff bases his cause of action upon a contract, the terms of which are alleged in the petition to be expressed in a deed executed by plaintiff and his wife to defendant and placed in a certain bank, together with a written memorandum attached to said deed, and claims that the deed was placed there under an escrow agreement. The deed is in form a general warranty deed signed by plaintiff and his wife, but not signed by defendant. The memorandum attached thereto is as follows:

"The consideration of $3,000, as set forth in the deed hereto attached is payable as follows:

"By delivery of the notes placed with said deed in the Mangum National Bank of Mangum, Okla., to the grantors as partial pay-

ment and the balance of the $3,000 to be paid in two equal installments due November 1, 1929, and November 1, 1930, evidenced promissory notes bearing ten per cent. interest from their date, executed by the grantee, when the mortgage now on said real estate described in said deed is released, which said notes due November 1, 1929, and November 1, 1930, respectively, are to be secured by real estate mortgage on the real estate described in said deed hereto attached.

"C. L. Holman."

This memorandum was not signed by defendant. The petition, in substance, alleges that the consideration agreed upon, and expressed in said deed and memorandum, was the sum of $3,000, to be paid by the delivery of two notes for $400 each, signed by T. R. Gurley and Odessa Gurley, payable to defendant; one note for $400, signed by T. G. Morgan and Ella Morgan, payable to defendant, and one note for $500, payable to order of one G. E. Howard, and signed by J. F. Linn, Mrs. Mary Linn, and Lev E. Pearson; that in addition thereto defendant was to execute and deliver to plaintiff two notes for $650 each, payable November 1, 1929, and November 1, 1930, respectively; that said last two notes were to be secured by a mortgage on the premises described in the deed. A copy of the deed and copies of the notes above mentioned, except the two that were to be executed by defendant, were attached to the petition as exhibits and made a part thereof. The consideration, as expressed in the deed, is "the sum of three thousand and No/100 ($3,000.00) dollars, the receipt whereof is hereby acknowledged." The deed itself contained no mention of the notes and mortgage and stated nothing as to how the consideration was to be paid except as above. Petition contained a second cause of action for the recovery of $40, based upon allegation that defendant had collected that amount on one of the notes mentioned.

The petition did not allege that defendant had signed any written contract or memorandum thereof, relating to said transaction. Defendant demurred to the petition, and the demurrer being overruled, defendant filed his answer, and thereafter an amended answer, wherein he denied all the allegations contained in plaintiff's petition except such as were specifically admitted. He then pleaded that plaintiff's alleged cause of action was based upon an oral contract for the sale of real estate, and was, therefore, within the statute of frauds. He then admitted that he was the owner of the notes mentioned in plaintiff's petition, but specifically denied that they were placed in the bank mentioned in escrow pursuant to any contract for the sale or purchase of the real estate in question or at all, but, in fact, were left in said bank for safekeeping, and were at all times subject to defendant's control. Plaintiff replied by general denial. Upon the issues thus joined, both parties waived a jury and the cause was tried before the court. Plaintiff was sworn as a witness in his own behalf, and after a few preliminary questions and answers, defendant renewed his demurrer to the petition, and objected to any testimony on the part of plaintiff for the reason that the petition and exhibits attached thereto showed an oral contract for the sale of real estate, and therefore the petition did not state a cause of action.

The applicable provisions of the statute of frauds are:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and signed by the party to be charged, or by his agent, * * * an agreement for * * * the sale of real property, or any interest therein." Section 5034, C. O. S. 1921 [O. S. 1931, sec. 9455].

The two general rules as to the party or parties who must sign the memorandum are that the party not signing cannot be charged on the contract; and the only signature made necessary by the statute is that of the party to be charged, or, in other words, the defendant in the action, or the party against whom a contract is sought to be enforced. 27 C. J. 289.

The general rule stated above seems to have been followed in this state.

In Harris v. Arthur, 36 Okla. 33, 127 P. 695, it is held:

"Where suit is brought on a parol contract for the sale of an interest in land, proof that the owner executed a deed thereto and notified the purchaser thereof is not sufficient to take the contract out of the operation of the statute of frauds."

That was an action by the vendor who had signed an instrument conveying an interest in real estate against an alleged purchaser who had not signed any contract in writing or any memorandum thereof.

In Kingfisher Mill & Elev. Co. v. Westbrook, 79 Okla. 188, 192 P. 209, in the body of the opinion, it is said:

"The words 'the party to be charged' have generally been defined to mean the party

against whom the contract is sought to be enforced."

Therein it is further said that the defendant, being the vendor, is the party to be charged and its contract was in writing and is enforceable. That was not an action involving a contract for the sale of real estate, but the court was there construing the meaning of the same words as applicable to an agreement for the sale of goods, chattels, or things in an action for a price not less than $50.

Under the above rules the demurrer to the petition when presented should have been sustained. Likewise, the objection to the introduction of any evidence should have been sustained.

During the course of the trial plaintiff introduced in evidence a letter appearing to have been signed by defendant and mailed to plaintiff, which reads as follows:

"Mangum, Okla.

"August 27, 1929.

"Mr. C. L. Holman,

"Mangum, Okla.

"I have just received your letter in regard to the Russell building asking me to come in and fix up papers for same. You also say you have complied your part. Now, Mr. Holman, I bought the building with the understand it was clere of all indebtedness was it you and I went to fix all papers and close up the deal. We found everything wrong with your title I could not except your paper. I cold have quit there if I wanted to quit. I told you if you could get a releace at once I would come and fix up the papers. I all so told you could not wait long for you to get them. Now you be jus as fare with me as I have with you and you will not espect me to

"I am not going to sign any papers any way You was to long getting releace.

"Now Mr. Hollman you can treat the matter as you see proper

Res

"J. W. Davis."

It is earnestly contended by plaintiff that, under the rule announced in Scheurer v. Crockett, 108 Okla. 218, 236 P. 30, this letter was sufficient to take the case out of the statute of frauds.

On the other hand, defendant earnestly contends that the letter, instead of admitting the contract, as contended for by plaintiff, is a denial thereof, and an assertion that the real agreement between the parties was that plaintiff should procure a release of an existing mortgage on the premises at once, and that plaintiff had not done so, and that the reason for his not carrying out the agreement was an unreasonable delay in procuring the release.

If plaintiff was relying upon the letter in question to take the contract out of the statute of frauds, he should have pleaded the letter in the petition. This would have given defendant an opportunity to answer and frame the issues as indicated in the letter relating to the delay in procuring the release.

It is apparent from the record that plaintiff was not relying upon the letter to remove the case from the statute of frauds, and that the case was tried and decided upon the theory that the execution of the deed by plaintiff, and placing the same in the bank under an alleged escrow agreement, was sufficient to take the case out of the statute. The trial court so indicated in passing upon the demurrer of defendant to plaintiff's eivdence, and the motion for judgment for defendant. The court in its ruling stated: "Mr. Holman made a deed and took the matter out of the statute of frauds." The ruling of the trial court in this respect would probably have been correct had the case been one against the plaintiff for specific performance, as he then would have been "the party to be charged." But, as the evidence clearly shows that defendant had never signed any contract or memorandum thereof other than the letter above mentioned, we think the trial court erred in its ruling on the demurrer to the petition, and in holding that the making of the deed by plaintiff of itself took the matter out of the statute of frauds.

In our judgment justice requires that the judgment and decree be reversed and the cause be remanded, with directions to grant a new trial and to sustain the demurrer to the petition and for such further proceedings as proper.

The judgment and decree is therefore reversed and the cause remanded, with directions to grant defendant a new trial and to sustain the demurrer to the petition.

SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and McNEILL, J., absent.

---

On Rehearing.

WELCH, J. On application for rehearing, we adhere to the rule announced in the original opinion herein to the effect that the

"party to be charged" as used in section 5034, C. O. S. 1921 [O. S. 1931, sec. 9455] relating to contracts for sale of real property, means the party against whom the contract is sought to be enforced. However, we deem it proper to supplement our opinion with the following observations:

Defendant calls our attention to Schuerer v. Crockett, 108 Okla. 218, 266 P. 30, wherein this court held in syllabus paragraph 1:

"Where the vendor, pursuant to a parol agreement to convey lands, executed a deed to the vendee and deposits the same in escrow to be delivered to the vendee upon the payment of the balance of the purchase price, and the recitals of such deed contain the terms of the parol agreement, including the consideration, it is a sufficient compliance with the statute of frauds."

And defendant urges that in the foregoing quotation this court adopts the rule that, under our statute, the "party to be charged" in the case of the sale of real estate is the vendor, and that if the vendor alone signs a deed or other memorandum sufficient to bind himself, the vendee is also bound thereby. Such is not the proper construction of our statute, nor is it the rule adopted in Schuerer v. Crockett, supra. In that case the party sought to be held to compliance with the contract was the vendee who was bound thereto by memorandum contained in letters written and signed by him, and the court so held. While the vendor was bound by the memorandum contained in the deed signed by him, and the court so held. It is true the rule in Schuerer v. Crockett, syllabus paragraph 1, is not completely nor correctly stated; it should limit the binding effect of the signing of the deed to the grantor who signed the deed, and as to him it is a sufficient compliance with the statute of frauds, but otherwise not. In so far as that case indicates that the signing of the deed by the vendor is sufficient to bind the vendee to comply with an oral agreement to buy real estate, the case is expressly overruled.

The defendant relies further upon Schuerer v. Crockett, supra, wherein the court in syllabus paragraph 3 announced the following rule:

"Under the fifth paragraph of section 5034, Comp. St. 1921, a memorandum signed by the party to be charged is sufficient, even if the same be a letter written after the breach of the contract, and contains a repudiation of such contract."

And defendant insists that our holding that the letter in this case is not a sufficient memorandum to hold the vendee here is contrary to the above quoted rule. In Schuerer v. Crockett, the memorandum by letter was sufficient, and was so held. That does not mean that every letter written by a vendee is a sufficient memorandum of a former oral agreement to comply with the statute of frauds. Such letter may, or may not, be sufficient, depending on the construction of it in each case. The rule in syllabus paragraph 3 of Schuerer v. Crockett must be strictly limited to cases wherein the memorandum as written in a letter and signed by the vendee may be seen to be sufficient as a memorandum of the oral agreement theretofore made, even though the letter be found to contain also an attempted repudiation of the oral agreement. In so far as that case adopts the rule that every repudiating letter written and signed by vendee is a sufficient memorandum to satisfy the statute of frauds, the same is expressly overruled.

The petition for rehearing is denied.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur

Note.—See under (2) annotation in 28 L. R. A. (N. S.) 699; 43 L. R. A. (N. S.) 411; 25 R. C. L. 669, 671; R. C. L. Perm. Supp. p. 5599.