## AIKMAN et al. v. EVANS.

No. 27171.    Sept. 28, 1937.

Rehearing Denied Oct. 19, 1937.

Lynn J. Bullis, Jr., and Earl Foster, for plaintiffs in error.

Wimbish & Wimbish, for defendant in error.

HURST, J. This is an action commenced by plaintiff, J. W. Evans, to recover damages from the defendants, Thomas C. Vaughn and Claud E. Aikman, for breach of obligation to purchase an oil and gas lease. The action arose under the following circumstances: J. F. Harlin, owner of the land in controversy, gave G. C. Harris an oil and gas lease thereon, Harris agreed to sell the same to the plaintiff for $6,000. Plaintiff contacted defendant Vaughn, who was buying leases for defendant Aikman, and offered to sell the lease to him for $9,-000. Vaughn was then in Ada and he telephoned Aikman in Oklahoma City submitting the proposition to him. Plaintiff had an abstract prepared and delivered to an attorney who was to examine the title for Aikman. On the following day, which was Sunday, Vaughn and Aikman met plaintiff in Ada and discussed the transaction. At that time Aikman's attorney had made a preliminary examination of the abstract and had pointed out two defects. Plaintiff testified that Aikman agreed to waive the defects and to accept the title as it stood and to have the $9,000 in the bank the following day to pay for the lease. Aikman denied that he agreed to accept the title unless the abstract showed merchantable title. The following day, Monday, Aikman wired $9,000 to a bank in Ada and it was deposited in the name of Vaughn. On Monday morning the attorney representing Aikman and the attorney representing plaintiff prepared an escrow agreement and also a new lease and assignment. The lease was signed by Harlin and the assignment was signed by Harris. The escrow agreement was signed by Harlin, Harris, and plaintiff, but Vaughn refused to sign it, saying he had no authority to sign it for Aikman. The papers were then placed in the bank at Ada with instructions to turn them over to Aikman upon the payment of the money. There is testimony that Vaughn was present when the papers were deposited in the bank. When Aikman reached Ada and received the opinion of his attorney, which contained several requirements, he refused to purchase the lease. A few days later Harris sold the lease to the Magnolia Petroleum Company and their attorneys accepted the title as it was. The case was tried to a jury, and a verdict was rendered for the plaintiff for $1,500, on which judgment was rendered, and from that judgment this appeal was taken.

1. The decisive question is whether the plaintiff is precluded from recovering by reason of the statute of frauds, section 9455, O. S. 1931, which provides in part as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: * * *

"Fifth. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

This question was raised by a demurrer to the petition, by a demurrer to the plaintiff's evidence, and by a motion for a di

rected verdict at the close of all the evidence.

This court is committed to the rule that a sale of an oil and gas lease comes within the statute of frauds. Woodworth v. Franklin (1921) 85 Okla. 27, 204 P. 452; Black v. Wickett (1930) 146 Okla. 191, 293 P. 782.

(a) The plaintiff contends, however, that there was a sufficient memorandum of agreement and part performance on the part of the defendants to take the case out of the operation of the statute of frauds. In support of this contention plaintiff relies upon Clay v. Reynolds (1934) 169 Okla. 416, 37 P. (2d) 244; Hopkins v. Walker (1930) 144 Okla. 254, 291 P. 70, and Creeden v. North (1932) 160 Okla. 90, 15 P. (2d) 991, holding that "where the vendor, pursuant to a parol agreement to convey lands, executes the deed to the vendee and deposits same in escrow to be delivered to the vendee upon payment of the balance of the purchase price, and the recitals of such deed contain the terms of the parol agreement, including the consideration, it is a sufficient compliance with the statute of frauds." But this rule only applies to a case where the vendor is a party against whom the contract is sought to be enforced. The statute of frauds requires a memorandum in writing by the "party to be charged," and that refers to the party against whom the contract is sought to be enforced. Where the vendee is the party to be charged, there must be some writing or the execution of some instrument by him. In such case the execution and deposit in escrow of a deed and escrow agreement signed only by the vendor, who is the party seeking relief and not the party to be charged, is not sufficient to take the contract out of the statute of frauds. Davis v. Holman (1933) 163 Okla. 59, 20 P. (2d) 575; Jennings v. New York Petroleum Royalty Corporation (1934) 169 Okla. 528, 43 P. (2d) 762; Stegall v. Jack (1935) 172 Okla. 154. 44 P. (2d) 97. The case at bar is of this latter type. The execution of the new lease, assignment, and escrow agreement, signed by the plaintiff and other vendors, and deposited in the bank with the draft, was not sufficient memorandum in writing to take the case out of the operation of the statute, for neither Aikman nor his agent, Vaughn, signed any of these instruments or any writing by which they agreed to take the lease.

(b) Our next inquiry is whether there was sufficient part performance to take the case out of the statute. What will constitute part performance is well stated in Harris v. Arthur (1912) 36 Okla. 33, 127 P. 695, as follows:

"Acts done under a parol contract for the sale of an interest in land most frequently held as such part performance as to take the same out of the statute of frauds, are:

"(a) The delivery of possession to, or the assumption of exclusive and notorious possession by, the vendee under the verbal contract of sale, and with the knowledge of the vendor accompanied by part payment of the consideration; (b) or, the expenditure of money by the vendee in making improvements. permanently beneficial to the estate, with the knowledge of the vendor, and in pursuance of such parol agreement of sale; (c) or where the parties have so acted under the parol agreement as to alter their position so that 'a restoration to the former position is impractical or impossible; (d) or where the parties have so acted under the agreement that to allow the defendant to take shelter under the statute, would be to inflict an unjust and unconscientious injury or loss upon the other party."

In that case it was held that the execution of a deed by the vendor and the deposit of the same in a bank to be delivered to defendant vendee upon payment of the purchase price was not sufficient to withdraw the case from the operation of the statute. The case at bar is analogous, and the only additional acts were the deposit in the bank of the $9,000 purchase money by Aikman and the delivery of the abstract of title to his attorney for examination. The purchase money was deposited in the name of the agent, Vaughn, and no part was paid to the plaintiff. It has been held that the delivery of an abstract of title is not sufficient part performance. Harris v. Arthur, supra. The defendants had performed no part of the contract, and neither party received anything of value under it. Plaintiff had not changed his position so that he could not be restored to his former position. Following the rules announced in Harris v. Arthur, supra, we find no competent evidence to constitute sufficient part performance to take the case out of the operation of the statute of frauds.

The judgment therefore is reversed, with directions to enter judgment for defendants dismissing the action.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.