MITCHELL v. SCHMELZER et al.

No. 30800. Dec. 22, 1942.

*132 P. 2d 332.*

Warren B. Kice, of Ada, for plaintiff in error.

H. M. Shirley, of Coalgate, for defendants in error.

OSBORN, J. This action was instituted in the district court of Coal county

by M. C. Mitchell, hereinafter referred to as plaintiff, against E. A. Schmelzer, Rachel Schmelzer, and other defendants, wherein plaintiff sought judgment on a promissory note in the sum of $500 and foreclosure of a real estate mortgage given to secure the same. Defendants, by answer and cross-petition, admitted the execution of the note and mortgage but alleged that plaintiff was indebted to them in the sum of $1,500 and sought judgment against defendant for $1,000 and cancellation of the note and mortgage. The cause was tried to a jury, the issues were determined in favor of defendants, and plaintiff has appealed.

Plaintiff alleged that on June 30, 1937, defendants executed the promissory note involved herein and to secure the same executed and delivered to plaintiff a real estate mortgage upon an undivided one-fourth interest in the mineral rights in 120 acres of land situated in Coal county; that default had been made by failure to pay the principal of said note or the interest thereon, and plaintiff was entitled to foreclosure of the mortgage.

By way of answer and cross-petition defendants admitted the execution of the note and mortgage, but alleged that on March 15, 1939, a contract was entered into between the parties by which plaintiff agreed to buy the mineral rights in the land covered by said mortgage for a consideration of $1,500; that plaintiff agreed to cancel the note and release the mortgage and pay to defendants the sum of $1,000 in cash; that defendants executed a mineral deed conveying said mineral rights to plaintiff and delivered the same to him; that he retained the deed for a period of time and thereafter returned the same to the defendants and refused to complete the transaction for the purchase of the mineral rights in the land. Defendants further alleged that they were ready, willing, and able to carry out the agreement, and tendered into court the deed to the mineral interests which had previously been delivered to plaintiff and returned to them. Defendants sought cancellation of the note and mortgage

and judgment against plaintiff in the sum of $1,000.

The evidence with respect to the alleged contract of purchase of the property was in sharp conflict, but the jury determined the issues of fact in favor of defendants and returned its verdict in favor of defendants for $1,000, and for cancellation of the note and mortgage.

Among other grounds for reversal, it is urged that the purported contract to purchase the mineral interests involved herein is within the statute of frauds and therefore invalid and unenforceable. The applicable provision of the statute of frauds is:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged or by his agent: . . an agreement for . . . the sale of real property or of an interest therein." 15 O. S. 1941 § 136.

It is now well established that the statute of frauds applies to the vendee as well as the vendor, and the words, "the party to be charged," have been generally defined to mean the party against whom the contract is sought to be enforced, whether this party be the vendor or the vendee. Jennings v. New York Petroleum Royalty Corp., 169 Okla. 528, 43 P. 2d 762; Davis v. Holman, 163 Okla. 59, 20 P. 2d 575; Stegall v. Jack, 172 Okla. 154, 44 P. 2d 97; Aikman v. Evans, 181 Okla. 94, 72 P. 2d 479. No contention is made that plaintiff, the purported vendee herein, signed a written contract or any note or memorandum of any agreement for the purchase of the property involved herein. No contention is made that there was sufficient partial performance of the contract to take the case out of the operation of the statute of frauds. It appears that defendants have failed to establish a valid contract for the purchase of said property.

Plaintiff demurred to the testimony offered by defendants with reference to the purported contract to purchase the property involved herein, which demurrer was overruled by the trial court.

In this the trial court committed reversible error.

Various other propositions are presented and argued in the briefs, but having taken this view of the matter, it becomes unnecessary to consider them.

The judgment of the trial court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

WELCH, C. J., and BAYLESS, GIBSON, and HURST, JJ., concur. CORN, V. C. J., and RILEY, DAVISON, and ARNOLD, JJ., absent.