GAULT LUMBER COMPANY V. WILLIAM M. PYLES AND THE MINOR
HEIRS OF MRS. WILLIAM M. PYLES, TO-WIT, FRANKIE A.
PYLES, ROY PYLES, HAZEL PYLES, MARVIN PYLES, AND ROL-
LIN PYLES, *by their Next Friend,* MARY A. STANLEY.

(Filed September 20, 1907.)

(92 Pac. 175.)

1. .SPECIFIC PERFORMANCE—Contract—Sale of Land—Parties.
A court of equity cannot enforce the specific performance of a
contract to sell real estate against several joint owners where
all the joint owners were not parties to the contract.

2. GUARDIAN AND WARD—Power of Guardian—Contract to Sell
Land. An agent or guardian of an infant owner of real estate
has no power to make an executory contract for the sale of the
infant's real estate. Such a sale can only be made upon an
order of the probate court and subject to the court's approval.

3. BROKERS—Authority to Sell—Requisites. The written author-
ity of an agent to sell real estate and bind the owner by an
executory contract must be certain and specific as to terms and
description.

4. SAME—Construction of Authority. A letter written by an owner
of real estate to a real estate broker, placing the property in
the hands of the broker for sale, will ordinarily be construed as
an authority to the broker to find a purchaser, and not as an
authority to sell and bind the owner.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before B. F.*
*Burwell, Trial Judge.*

Affirmed.

*Snyder & Clark,* for plaintiff in error.
*J. H. Everest,* for defendants in error.

STATEMENT OF THE CASE.

This was an action in ejectment brought by the defendants
in error, William M. Pyles and the minor heirs of Mrs. William
M. Pyles, deceased, against the Gault Lumber Company, a cor-

poration, to recover possession of lot 29, in block 4, in Oklahoma City. The plaintiffs alleged that they were the owners and entitled to the possession of the real estate described, and that the defendant was in possession and refused to vacate, and judgment was asked for possession and damages for detention. The defendant filed an answer in which it admitted that the plaintiffs held the legal title to said lot, and that it was in possession of the same, but alleged that William M. Pyles authorized an agent in writing to sell said real estate for $400 cash, and that it purchased said lot from said agent and paid the sum of $50 upon the purchase price and went into possession of said property and had made valuable and lasting improvements thereon, and it offered to pay the balance of the purchase money, $350, and demanded specific performance of said contract of purchase. The plaintiffs replied by general denial. The cause was tried to a jury. Upon the trial the plaintiffs introduced proof of their title and the possession by the defendant and rested. The defendant then showed that Pyles had written a letter to the agent from whom it purchased the property, in which he stated "that he would take $400 for the lot," and told him "that he might sell it." This letter was lost and it does not appear that any affort was made to have Pyles produce a copy or to admit its contents. The agent made an oral agreement with W. D. Gault, manager of the lumber company, to sell the lot to the company for $400, and Gault agreed to take it. He paid the agent $50, and agreed to pay the balance of $350 when the deed was delivered. The sale was reported by the agent to Pyles, who at the time was residing in Indian Territory, and he sent a deed to the agent, executed by him, and conveying the lot to the Gault Lumber Company. Mr. Gault took the deed to his attorney, who examined it, and after which Gault returned it to the agent, and refused to accept it because it was not executed by or on behalf of the minor heirs who owned an undivided interest in the real estate. Pyles at the time had no authority to sell the real estate of the minor heirs. Proceedings were begun

in the probate court of Oklahoma county for the purpose of obtaining an order of that court for the sale of the interest of the minor heirs, but no such order was ever made. After Gault had rejected the Pyles' deed and knew of the defect in the title, and that the minor heirs had not, through any authorized proceeding, agreed to the sale of the lot, the lumber company moved its business onto the lot and put about two hundred loads of dirt on the lot to fill it up for business purposes. After this had been done, Pyles called upon the agent and procured the rejected deed. He refused to accept the $50 held by the agent, and joined with the infant owners in bringing this action. Upon the showing above made, the court directed a verdict for the plaintiffs, and gave judgment for possession, and this is assigned as error.

Opinion of the court by

BURFORD, C. J.: Upon the admitted facts in the pleadings, the plaintiffs were entitled to judgment in their favor, unless the defendant established such a valid contract of purchase and sale as a court of equity would award a specific performance of. The theory of the plaintiff in error is that Pyles gave the agent written authority to sell the lot in question, and that the agent made an oral sale to the Gault Lumber Company; that it paid part of the purchase money and went into possession and made lasting and valuable improvements on the lot, and tendered the balance of purchase money and demanded a deed of conveyance. This theory, if established, would, in equity, entitle the defendant to a specific performance of the contract. But we think the proof fails of establishing the theory. In the first place, Pyles was not the sole owner and had no authority to sell the lot; he could at best only sell his undivided interest. The infant owners could neither contract in writing or orally to sell their interest, nor could they authorize an agent or guardian to sell. The purchaser was bound to know this as a matter of law. Nor could Pyles, as the guardian of the infant owners, make any contract of sale that would be

legal until he had first procured an order of sale from the probate court, and then any such agreement must have been subject to the approval of such court. The district court had no authority to enforce the contract of Pyles to sell the real estate of the infant heirs, even had he made such an agreement, and for this reason alone the court was justified in directing a verdict for the plaintiffs.

Nor do we think there was shown such a written authority of the agent to sell as will take the case out of the statute of frauds. An authority of an agent to sell real estate, in order to bind the owner by executory contract, must be specific and certain as to terms and description. Ordinarily, when property is placed in the hands of an agent to sell, the authority conferred is only held to be the authority to find a purchaser at a given price and submit the same to the owner, and not an authority to sell and bind the owner. The authority shown by the evidence does not take this case out of the general rule, and in the absence of more specific and definite authority to the agent to sell the real estate and enter into a contract of sale to bind the owners, the court committed no error in directing a verdict.

There is a further reason why the defendant should not have prevailed upon the proof made. . If the agent had authority to sell the real estate, it was for the sum of $400 cash. The defendant never made such a contract with the agent as the authority of the agent would warrant. He had no authority to sell for $50 cash and the balance when the defendant should be satisfied with the title. Nor do we think the defendant showed such equity as would entitle it to a specific performance of the contract. It never went into possession of the lot or expended any money or labor upon it in the way of improvements until after the Pyles deed had been refused, the defect in the title discovered, and the refusal of Pyles to carry out the contract was made known to it. The company was not misled or deceived to its detriment, but went onto the lot with its eyes open and the obstacles all apparent. The posses-

sion and part payment which will take a case out of the statute of frauds must be a possession authorized by the owners of the property, and must have been taken in good faith, and not fraudulently obtained. No right in equity can be founded upon a trespass or unauthorized possession. *Eberville v. Leadville Mining & D. Co.* (Colo.) 64 Pac. 200; *McKinnon v. Nixon* (Ala.) 29 So. 690; *Cockrell v. McIntyre* (Mo.) S. W. 648.

The case made by the defendant falls within the law as stated by this court in the cases of *Fox v. Easter*, 10 Okla. 527, 62 Pac. 283; *Halsell v. Renfrow et al.*, 14 Okla. 674, 78 Pac. 118; Id., 202 U. S. 287.

The judgment of the district court of Oklahoma county is affirmed, at the costs of the plaintiff in error.

Burwell, J., who presided in the court below, not sitting; Pancoast and Garber, JJ., absent; all the other Justices concurring.