## SMITH v. ROCKETT et al.

No. 10649—Opinion Filed May 4, 1920.

Rehearing Denied Oct. 12, 1920.

(Syllabus by the Court.)

**1. Trial—Demurrer to Evidence—Effect.**

The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant.

**2. Same—Motion to Direct Verdict.**

A motion to direct a verdict admits all the facts and inferences to be drawn therefrom in favor of the party against whom the motion is directed, and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed.

**3. Guardian and Ward—Sale of Ward's Real Estate—Validity of Guardian's Contract to Sell.**

An executory contract for the sale of the minor's real property executed by the guardian to a third person is not binding upon the ward and conveys no title, nor interest in the property. The only way and manner that a guardian can sell the real estate of his ward is by proper proceedings in a court of competent jurisdiction.

**4. Contracts—Validity—Contract Illegal in Part.**

A contract illegal in part and legal as to the residue, is void as to all when the two parts cannot be separated; when they can be, the good will stand, and the rest fall.

**5. Appeal and Error—Discretion of Trial Court—Amendment of Pleading.**

The permitting of an amendment to a pleading at any stage of the trial to conform to the proof is within the sound discretion of the trial court, and, in the absence of a showing of an abuse of such discretion, the action of the court will not be disturbed.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action for possession of land and to quiet title by Ida M. Rockett and others against W. L. Smith. Judgment for plaintiffs, and defendant brings error. Affirmed.

Sigler & Jackson, for plaintiff in error.

Chas. H. Hudson and Moore & West, for defendants in error.

McNEILL, J. This action was commenced in the district court of Carter county by Ida M. Rockett, on behalf of herself and as guardian for her three minor children, and Louis H. Rockett for possession of some 4,500 acres of land and to quiet title in the plaintiffs. The petition alleges that the plaintiffs are the owners of said land, and on the 13th day of August, 1917, a contract for sale of said land was executed by Ida M. Rockett, for herself and as administrator of the estate of Louis Rockett, deceased, and as guardian for the three minor children, to R. R. McLish and Luther Hoff, which contract was assigned to defendant, Smith; that thereafter plaintiffs Ida M. Rockett and Louis H. Rockett entered into an additional contract on the 10th day of April, 1918, with W. L. Smith, agreeing to convey all of the lands of

said plaintiffs and the minors to said Smith, but said contract was obtained by fraud, in that the contract provided for the payment of $2,000 at the time of signing said contract; that said contract had been executed and Smith had obtained possession of said land under said contract, but had never paid said $2,000 or any portion of the contract price. Plaintiffs asked for judgment canceling the contracts, and damages for the withholding of said lands in the sum of $5,000, and an additional $5,000 for injury and damages to the freehold. To this petition the defendant filed his answer and cross-petition, claiming certain rights by virtue of the contract with McLish and Luther Eoff and the contract to himself, and denied he had breached his portion of the contract; and further pleaded that he had delivered a check to the plaintiffs in payment of said contract, but there was an agreement that the same should not be cashed for the reason that a portion of the property was in the hands of Alva E. Smith, who was in bankruptcy, and that said check was not to be paid until defendant was given possession of said land; that although plaintiffs had attempted to cash said check, it was contrary to their agreement. Defendant pleads that he is ready to carry out the contract, but the plaintiffs have broken their portion of the contract and failed and refused to have the land belonging to the minors sold through the probate court.

Defendant further pleaded that Ida M. Rockett and Louis H. Rockett, were the owners of 2,500 acres of said land, and 1,800 acres were owned by the minors. Defendant states that he is ready to pay into court the money under said contract, and to comply with the contract upon plaintiffs tendering into court a good and sufficient abstract and deed, or at least their portion of the land, and alleges that since the making of the contract the lands have advanced in value, and by reason of said fact and the breach of the contract the defendant has been damaged in the sum of $23,000. The case was tried to the jury, and the jury returned a verdict in favor of the plaintiffs for possession of the land, awarding the plaintiffs $900 for damages for the rent of the property. The court approved the verdict of the jury, and rendered judgment for possession of the land, and found that the plaintiffs were the owners of said land, and found what portion of the land belonged to each one of the plaintiffs, and made a further finding that the terms of the contract dated April, 1918, entered into between the plaintiffs and the defendant, Smith, had been

violated and the $2,000 provided for in said contract was never paid, and no valid or legal tender had ever been made, and that Smith had breached the terms of the contract and lost whatever right he had under and by virtue of the same, and, on account of the breach, said contract had terminated and should be declared null and void.

The court further found that, under the terms of the contract, it was agreed that upon a failure to pay the money provided in the contract Smith should pay the sum of 75 cents per acre per annum as rental. The court found, under said contract, there was $900 due for the use and occupancy of the premises. The court then quieted title in the plaintiffs and decreed that the defendant had no interest in the premises. From said judgment, the defendant has appealed to this court.

For reversal the plaintiff in error has divided his assignments of error into eight separate and distinct assignments. We will consider them in the order set forth in the printed brief. The first assignment of error is as follows:

"That the court erred in sustaining the objection of the plaintiff to certain evidence offered by the defendant, and especially that evidence in which the defendant sought to prove that the McLish and Eoff contract referred to in the record and the Falkner lease were a part of the consideration for the contract made between Ida M. Rockett and Louis H. Rockett."

This assignment of error is not briefed by plaintiff in error, and it will therefore be deemed that plaintiff in error has abandoned the same. However, since the contract with Mr. Smith provided that, upon the signing of said contract between plaintiffs and Smith, the contracts that plaintiffs had with Falkner Brothers and with McLish and Eoff should be void, and that Smith should have no further interest in said land, by reason of said contracts, we are unable to see how the question presented could be material in the case at bar.

The second assignment of error is that the court erred in overruling the defendant's demurrer at the close of plaintiffs' testimony. In this, we do not think the court erred. The plaintiffs produced testimony as to the execution of the contract, and the failure on behalf of the defendant to comply with any portion of said contract, and his failure to pay the $2,000 mentioned in said contract which was due upon the signing of said contract. The record further discloses that, prior to the time of the signing of said contract, the defendant had given to plain-

tiffs a check in the sum of $2,000, which said check was presented for payment and protested, and the record discloses that the defendant was in possession of the premises, and had never paid any portion of the purchase price.

The rule adopted by this court in determining whether it was error to sustain a demurrer to the evidence introduced is stated in the case of Rose v. Woldert Grocery Co., 54 Okla. 566, 154 Pac. 531, as follows:

"The test applied to a demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted. The court cannot weigh conflicting evidence, but must treat the evidence as withdrawn which is most favorable to the demurrant."

The plaintiffs having introduced evidence of the fact above stated, it was not error for the court to overrule the demurrer to the evidence.

The third assignment of error is that the court erred in overruling the defendant's motion for judgment at the close of the testimony on behalf of the defendant. The rule to be applied to the evidence in determining said question is as stated in the case of Buckeye Engine Co. v. City of Cherokee, 54 Okla. 509, 153 Pac. 1166:

"A motion to direct a verdict admits all the facts and inferences to be drawn therefrom in favor of the party against whom the motion is directed, and leaves for consideration only such evidence as is favorable to the party against whom such motion is directed."

Applying the same rule to the case at bar, there was no error in the court overruling the motion for a directed verdict and submitting the case to the jury.

The fourth assignment of error is that the court erred in giving instructions Nos. 3, 4, 5. 6, 7, and 8. The plaintiff in error has only briefed the question as to instructions 4 and 6.

In instruction No. 4, the court instructed the jury that a contract made by a guardian for the sale of his ward's land in advance of probate proceedings authorizing the same and independent thereof is void. In this, we think there was no error, as such was the holding of this court in the case of Gault Lumber Co. v. Pyles, 19 Okla. 445, 92 Pac. 175, and in Wm. Cameron & Co. v. Yarby, 71 Oklahoma, 175 Pac. 206, where the court said:

"A guardian cannot make a contract which will bind the person or estate of his ward, unless authorized by a court of competent jurisdiction to enter into such agreement."

Instruction No. 6 was, in substance, if the jury believed from the evidence that the contract was an inseparable contract and it was the intention of the plaintiffs' to sell the entire ranch, and it was the intention of the defendant to buy the entire ranch, and it was not intended to sell a part of it without selling it all, then by reason of the fact that a portion of the ranch was the property of the minors, and the fact that said contract contained an unlawful provision for the sale of the minors' interest, the contract could not be enforced.

It is the contention of the plaintiff in error that it was the duty of the court to construe this contract and that the court should have construed the contract as being separable. The court correctly instructed the jury as to the law, following the case of Garst v. Love, 6 Okla. 46, 55 Pac. 19, and left it for the jury to apply the facts to the law therein stated. In this, we think, there was no error.

As to the other instructions, the plaintiff in error has not set out wherein he contends these instructions were erroneous, and therefore they will not be considered.

The fifth assignment of error is that the court erred in refusing defendant's requested instructions Nos. 1, 2 and 3. Plaintiff in error has not argued this assignment of error in his brief, and therefore it will not be considered by the court.

The sixth assignment of error is that the court erred in overruling the defendant's motion for new trial. If there is no merit in the other assignments of error, then this assignment of error is not well taken.

The seventh assignment of error is that the court erred in overruling defendant's motion for a judgment notwithstanding the verdict. The court in giving instruction No. 5 instructed the jury that the law placed the burden of proof upon the plaintiffs to prove that they had performed their part of the contract as stipulated, and if they found that defendant had failed to perform his part of the contract, then they would find in favor of the plaintiffs.

The court in instruction No. 7, upon the question of whether the defendant had ever paid any portion of the contract price, submitted the questions as raised by the defendant's answer, and instructed the jury if they found that the $2,000 was not to be paid until after the bankruptcy of Alva Smith

was disposed of, and if they found that the defendant had made such payment after the bankruptcy proceedings were disposed of, or tendered the same to plaintiffs, the jury should find the issues in favor of the defendant for specific performance of his contract.

The issue involved before the jury was the possession of the land, and the jury, in rendering its verdict, in favor of the plaintiffs, found that the defendant had failed to comply with the terms of his contract, and therefore had violated the same. The issue of quieting title to this land was a question for the court. The court made a special finding upon this question and found that the defendant had violated the terms of his contract and had not complied therewith; that he had not paid the $2,000 provided in said contract; that he had never tendered the same; that he had forfeited the rights under said contract. The evidence disclosed that the defendant had never paid any of the consideration provided in said contract, and he attempted to excuse the nonpayment by stating that he had a separate agreement, and that he had thereafter tendered cashier's check for the sum of $2,000, but this check does not appear from the record to have been tendered in carrying out the terms of his contract; but tendered for the purpose of carrying out the sale of the minors' land in the county court. We cannot say from an examination of the record that there was no evidence upon which the jury could base their verdict, nor that the finding of the trial court that defendant had failed to comply with any of the terms of the contract was clearly against the weight of the evidence. We do not believe that the court committed error in overruling the motion for judgment for defendant notwithstanding the verdict.

The eighth assignment of error is:

"That the court erred in entering a judgment for the plaintiffs for the recovery of the lands and damages, and especially erred in rendering a judgment for the possession of the lands not sued for in the plaintiffs' petition, to wit: the lands of Louis H. Rockett, Ross L. Rockett, and Francis L. Rockett, as shown in the judgment and record herein."

While it is true, the petition asks for possession of all the land, except the lands of the minors, yet the minors are made parties to said suit as plaintiffs and claim certain interests in the lands of Louis Rockett, and the contract between Mrs. Rockett and the defendant, Smith, embraced the minors' land. The judgment of the court in passing upon this question stated as follows:

"The court adopts the verdict of the jury and considers the petition of plaintiffs amended to describe the lands described in the exhibit attached thereto and finds that the facts set forth in the petition are true."

We are unable to see where the defendant has been prejudiced by such amendment, for certainly he could not claim either possession or title to the minors' land by virtue of a contract made with the guardian of the minors.

This court in the case of Hamilton v. Blakeney, 65 Oklahoma, 165 Pac. 141, states as follows:

"The permitting of an amendment to a pleading at any stage of the trial to conform to the proof is within the sound discretion of the trial court, and, in the absence of a showing of an abuse of such discretion, the action of the court will not be disturbed."

It is further contended, although not as an assignment of error, that the judgment for $900 was unwarranted, and the same did not come within the pleadings, nor was there any evidence offered to support said judgment. With this contention we cannot agree, as the petition contains the following statement:

"That defendant has entered into possession of the premises and, in furtherance of his design and purpose to unlawfully cheat and defraud plaintiffs out of the use and occupancy of said lands, has withheld said possession and use of said lands, to plaintiffs' damage in the sum of $5,000."

The contract, which was introduced in evidence, contained the following provision:

"It is agreed that in case second party failed to make payments provided under said contract that money paid prior to said failure shall be considered as rental and shall be assessed at the rate of seventy-five cents per acre per year."

Plaintiff in error contends that he has never paid any of the money under said contract, and therefore the contract which provided that the rental should be 75 cents per acre per year would have no application, but we think there is no merit in this contention. It seems unreasonable that defendant in one instance contends that he has complied with the contract, and now in this instance contends that he has failed to comply with the contract, and therefore the rental as provided in said contract should have no application. We think there is no merit in this contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

OWEN, C. J., and PITCHFORD, HIGGINS, and BAILEY, JJ., concur.