## SMITH v. AMERICAN INVESTMENT CO.

No. 19340.   Opinion Filed Oct. 8, 1929.

A. J. Carlton and F. H. Reily, for plaintiff in error.

Ames, Cochran & Ames, for defendant in error.

LESTER, V. C. J. The plaintiff in error brought an action for specific performance on an alleged contract to purchase certain real estate through defendant's agent.

The petition of the plaintiff was in the alternative, in that it was asked that if it were found that the defendant was not in a position to perform under said contract it should then respond in damages.

The cause was tried to the court, and after the plaintiff had produced his proof and rested his case, the defendant filed a demurrer to plaintiff's evidence. The demurrer was by the court sustained, and the judgment was rendered in favor of the defendant dismissing the plaintiff's petition with prejudice. From said judgment the plaintiff has appealed.

The plaintiff bases his cause of action on certain letters that were written and transmitted between himself and W. R. Smith, who, it is alleged, was the duly authorized agent of the defendant. From the record we find that there were several letters introduced in evidence showing certain correspondence between the plaintiff and Smith relating to the sale of said property. Smith testified that the offer he made to the plaintiff for the sale of the real estate was by reason of a letter received from the defendant and that the terms of the sale were the same as contained in said letter, but that said letter had been lost or destroyed. It appears from the testimony of Smith that he was operating as a real estate agent in the city of Eufaula, Okla.; that he received a list of real estate offered for sale by the defendant corporation and that the defendant corporation offered their property at certain prices subject to change or sale. W. R. Smith testified as follows (C.-M. 39):

"Q. Had you received instructions from the company that all farms were offered subject to prior sale and subject to be leased for oil and gas, and subject to change in price without notice, and the company reserved the right to sell this and all other farms, and to lease them and change the price, at any time prior to actual sale of the land? A. Yes. Q. After you wrote that letter of May 5, 1926, identified as exhibit A of your deposition, when did you next hear from plaintiff, B. B. Smith? A.

June 5, 1926. Q. Is the letter dated June 2, 1926, a copy of which is attached to plaintiff's petition as exhibit C of said petition, the only letter you received from plaintiff after writing him on May 5th, as per your letter known as exhibit A hereto? A. Yes. Q. There is a letter attached to plaintiff's petition purporting to have been written by plaintiff to you on May 7, 1926, marked 'Exhibit B' of plaintiff's petition, state if you received that letter? A. No."

Subdivision 5 of section 5034, C. O. S. 1921, provides:

"An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent for the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

The contract for the sale of real estate may become binding between the parties under the statute of frauds through the medium of letters, writing, and telegrams signed by and passing between the parties when they are so related to the subject-matter and are so connected with each other that it may be fairly said they constitute one paper relating to the contract. Atwood v. Rose, 32 Okla. 355, 122 Pac. 929.

Smith, the real estate agent, through whom it is alleged the contract was made, did not testify as to the specific language used in the letter that he had received from the defendant corporation, nor is it shown that the defendant corporation specifically authorized Smith to sell said property to the plaintiff. It is shown that the said agent had notice of the fact that said property was subject to be withdrawn from sale at any time. During the negotiations between Smith, the agent, and the plaintiff, the defendant corporation executed an oil and gas lease on said real estate, and this transaction terminated further negotiations between Smith and the plaintiff. The question here presented is whether or not, under these circumstances, the plaintiff is entitled to recover judgment against the defendant.

In the case of Levy v. Yarbrough, 41 Okla. 16, 136 Pac. 1120, the first and second paragraphs of the syllabus read as follows:

"1. The mere listing of real estate with a broker for the purpose of procuring a purchaser thereof acceptable to the owner does not constitute authority in such broker to bind the owner by an executory contract of sale.

"2. Before a real estate broker can bind the owner by an executory contract of sale,

he must have specific authority so to do from the owner."

It is our judgment that the evidence was insufficient to constitute a cause of action in favor of the plaintiff and against the defendant corporation.

Judgment is affirmed.

MASON, C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

Note.—See under (1) anno. 27 L. R. A. (N. S.) 786; 4 R. C. L. p. 298; R. C. L. Perm. Supp. p. 1105. See "Brokers," 9 C. J. §28, p. 527, n. 54 "Frauds, Statute of," 27 C. J. §308, p. 260, n. 55.