## DENNISON et al. v. HILDT.

No. 27304.    June 29, 1937.

Luther P. Lane, for plaintiffs in error.

Rollin E. Gish, for defendant in error.

BAYLESS, V. C. J.    T. Dennison and Foyal N. Clark, copartners doing business as Dennison & Clark, sued Fred T. Hildt in the district court of Tulsa county, but the action was transferred to the court of common pleas by proper order, to recover damages for the alleged breach of a contract to sell and deliver 1,000 shares of stock. The trial court sustained a demurrer to the petition, and when the plaintiffs declined to plead further but stood upon said petition, the trial court rendered judgment in favor of the defendant, and plaintiffs appealed.

The sole question is whether the contract is valid within the provisions of the statute of frauds, subdivision 4, sec.

9455, O. S. 1931. We herewith set out the pertinent portions of the petition and the exhibits, they being the writings relied upon to bind the defendant:

"Plaintiff alleges that through its partner, T. Dennison, it entered into an oral contract December 27, 1935, at Tulsa, Oklahoma, with the defendant, wherein he agreed to sell and deliver to Dennison and Clark, one thousand shares of Investors Royalty Company par $25 new common stock at $1.25, or a total consideration of $1,250, and that plaintiff agreed to purchase same. That the defendant promised to deliver same by Tuesday, December 31, 1935. That written memorandums in the form of telegrams and one letter, and written correspondence, subscribed by the defendant ratifying and confirming said oral agreement, marked Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit F, and Exhibit G, plaintiff's exhibits are hereto attached and made a part hereof. That the plaintiff then, and at all times, was able, ready and willing to buy said shares of stock and that the defendant, though repeated demands have been made, breached his contract and has failed, neglected, and refused to deliver said shares of stock."

Exhibit A.
"Postal Telegraph
December 27, 1935.
"Huff and Haskins.
"Brisbane Bldg.
"Buffalo, New York.
"Offer subject one dollar share one thousand shares investors common answer postal telegraph.
"Fred T. Hildt."

Exhibit B.
"Postal Telegraph
"December 27, 1935.
"Huff and Haskins,
"Brisbane Bldg.
"Buffalo, New York.
"Ship one thousand investors common two day draft National Bank of Tulsa Answer postal telegraph.
"Fred T. Hildt.

Exhibit C.
"Western Union
"February 14, 1936.
"Isabella Woodley
"276 Mill Street
"Newtonville, Massachusetts
"Have friend who desires to buy or borrow for a short time five hundred shares investors royalty partwenty five dollars common stock to complete a transaction his standing is high here and also safeguards would be used to protect stock if you saw fit to loan it to him kindest regards to Mrs. Leggand yourselt answer collect Western Union.
"Fred T. Hildt"
"February 17, 1936.

Exhibit D.
"M. M. Fulkerson
"Masonic Temple
"Olean, N. Y.
"Have friend who desires to buy or borrow for a short time five hundred shares investors royalty partwenty five dollars common stock to complete a transaction his standing is high here and also safeguards would be used to protect stock is (sic) you saw fit to loan it to him answer collect western union.
"Fred T. Hildt."

Exhibit E.
"Western Union
"Steelman & Birkins,
"60 Broad Street,
"New York, N. Y.
"Attention:—J. J. Deigman
"Making arrangements for Dennison & Clark delivery to you of five hundred shares investors royalty par twenty five dollars common stock please have your client delay any action as stock should be forthcoming promptly.
"Fred T. Hildt"

Exhibit F.
"February 28, 1936.
"Huff & Haskins, Inc.,
"Brisband Bldg.
"Buffalo, New York.
"Gentlemen:
"December 31st, 1935, I wrote you as follows:
"'Your telegram of December 28th reading as follow: Do not understand last wire stop we bought one thousand investors common from you ship to Buffalo Trust Branch Marine Trust Company' was duly received.
"I thought I was bidding you on the purchase of Investors Royalty Company stock in my telegram to you of December 27th, but it is quite evident from the above-quoted telegram that you did not construe it that way.
"Regretting this misunderstanding and with kindest regards and best New Year wishes to Mr. Huff and Mr. Haskins, I am,
"Very truly yours,
"Fred T. Hildt.
"At the time I wired you December 27th, 1935, making an offer for 1000 shares of Investors Royalty Company, $25. per com-

mon stock, I also sent the same telegram to Steelman & Birkins, 60 Broad Street New York City and they did not construe my telegram as wishing to sell Investors Royalty Company stock. Upon my receiving your wired confirmation of what I thought was your sale to me and my purchase from you, I notified Mr. T. Dennison of Dennison & Clark (for whom I was obtaining this stock) and he immediately sold these 1000 shares. Mr. Dennison, I understand, was able to cancel 500 shares of stock sold, but he had sold 500 shares to Steelman & Birkins who had resold it and, of course, could not cancel this sale. Now, from later developments I learn Steelman & Birkins in turn sold it to you and then finally when delivery could not be made, Steelman & Birkins made a settlement with you where you agreed to a price of $3.00 per share for the lot. The facts of the matter are that you have not been damaged in any particular by the misunderstanding of my first telegram to you and it would seem to me that the just thing to do would be for you to waive any demands on Steelman & Birkins, after which it would be a matter of adjustment between Dennison & Clark and Steelman & Birkins.

"In view of our past friendly relations it does seem to me that the firm of Dennison & Clark, who are friends of mine, should not be penalized or held to account for the result of a misunderstanding of a telegram.

"I would be glad to hear from you at your convenience and with kindest personal regards to Mr. Huff and Mr. Haskins, I am,

"Very truly yours,
"Fred T. Hildt.

"Dennison & Clark
"Tulsa, Oklahoma

Exhibit G.

"Registered and Bonded Dealers
"Stocks & Bonds

"Sixty Floor National Bank of Tulsa Bldg.
"Date December 27th, 1935.

"To Fred T. Hildt
"National Bank of Tulsa Building
"Tulsa, Oklahoma

"We take pleasure in confirming purchase from you:—No. 441

| Quantity | Security | Price | Commission | Total |
|---|---|---|---|---|
| 1000 | Shares of Investors Royalty Company, par $25 new common stock | 1.25 | ---- | $1,250.00 |
| Remarks | None | | Tax paid: None. | |

"Unless otherwise stated, we act as principal in buying and selling securities.

"No information was given in connection with this item except to identify the issue and state the price."

"Dennison & Clark
"By _____
"T. Dennison."

The determination of this matter resolves itself into two questions: (1) Whether writings, by the party to be charged, to a third person may constitute the memorandum; and (2) if so, whether the exhibits actually written or sent by Hildt are sufficient in themselves to constitute a memorandum. It is apparent the defendant never gave plaintiffs any writing which contained his signature.

There may be an academic question whether the statute of frauds is a law relating to the formalities of the executing of contracts, or whether it is a rule of evidence. We believe the statement in 25 R. C. L. 639, sec. 268, "As the memorandum is required only as evidence of the contract and not to constitute it," etc., is correct. See, also, 25 R. C. L. 692, note 10. This is indicated by the wide variety of writings acceptable as a memorandum. 27 C. J. 257, sec. 308; 27 C. J. 259, sec. 308, and 25 R. C. L. 678, sec. 317, and cases cited under note 1.

We believe the rule is that writings to a third person, signed by the party to be charged, may be relied upon as a memorandum. 25 R. C. L. 681, sec. 319, and page 678, sec. 316. See, also, 27 C. J. 301, sec. 386.

But in order that such a writing may serve as a memorandum it must be complete within itself as to the terms of the sale. Oral evidence is inadmissible to connect it with the sale or with other writings relied upon to evidence the sale. The memorandum must "state and affirm" the sale. 25 R. C. L. 678, sec. 316, note 15. It must contain the terms or refer to a writing containing the terms. 25 R. C. L. 644, sec. 274, note 10, and 25 R. C. L. 645, sec. 276, note 1. The writer must recognize and admit making the contract. 25 R. C. L. 642, sec. 272. The rule is well stated in 27 C. J. 256, sec. 306:

"No particular form of language or instrument is necessary to constitute a memorandum or note in writing under the statute of frauds; any document or writing, formal or informal, written either for the purpose of furnishing evidence of the contract or for another purpose, which states all the essential elements of the contract with reasonable certainty, and

402

which is signed by the party to be charged or his lawfully, authorized agent, is a sufficient memorandum or note in writing to satisfy the requirements of the statute."

In other words, the design of the statute is to have written evidence of what the terms of the sale are. Any missing link which requires resort to oral evidence to connect or establish the sale agreement is fatal.

Exhibit A is a telegram sent by Hildt to a firm of brokers. Exhibit F contains Hildt's statement that he regarded this telegram as an offer by him to buy from them. From the tone of the letter, Exhibit F, the brokers evidently thought it was an offer from Hildt to sell, and they accepted. Exhibits C and D contain statements that a friend of Hildt's desires to buy or borrow for a short time 500 shares of this stock. There is no recognition herein of any obligation to sell plaintiff's 1,000 shares of the stock. Exhibit E is a telegram to a firm of brokers in New York City to the effect that Hildt is having plaintiffs furnish that firm 500 shares. This has no recognition of the sale nor of its terms, Exhibit F, the letter, recognizes the sale, but it does not contain the terms, nor does it refer to a writing containing the terms. There is no writing in this record signed by Hildt sufficient to constitute a memorandum within the meaning of the statute.

We are of the opinion that the trial court correctly sustained the demurrer to the petition, and the judgment is affirmed.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.