## GARRETT v. GERARD et al.

### No. 3238.

Circuit Court of Appeals, Tenth Circuit.

June 21, 1946.

James S. Twyford, of Oklahoma City, Okl. (Solon W. Smith and William J. Crowe, both of Oklahoma City, Okl., on the brief), for appellant.

D. A. Richardson, of Oklahoma City, Okl. (Richardson, Shartel, Cochran & Pruet, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an action for specific performance. The amended complaint alleged these facts: On September 5, 1944, Henry C. Gerard wrote a letter giving Garrett the exclusive listing, as a real estate broker, for a period of 90 days, of a quarter section of land owned by W. R. Gerard, David J. Gerard, and Roy H. Gerard. The commission was to be 5 per cent. The terms were $10,000 cash, and the oil rights under one of the 40-acre tracts on the north or west side of the land was to be reserved to the owners.

On September 22, 1944, J. H. Leavitt signed a purchase offer, addressed to Garrett, which described the land as the NW ¼ of Sec. 19, Township 13 North, Range 2 West, Oklahoma County. The terms of the offer were as follows: The purchase price was to be $10,000 in cash, payable when an abstract showing merchantable title was furnished. The oil and gas rights in the East ½ of the East ½ of the Northwest ¼ were to be reserved in the owners for a period of ten years, or so long thereafter as oil or gas should be produced in paying quantities. The Gerards were to pay the taxes for 1944 and the previous years, and to receive the rents for 1944. Leavitt deposited $500 as earnest money. By letter, dated September 23, 1944, Garrett submitted the offer to Henry C. Gerard. He stated the principal terms of the offer, including the limitations on the reservation of oil and gas rights, but did not state the specific tract to be covered by such reservation. He further stated that Leavitt had agreed to sell him the North ½ of the quarter section. Garrett also requested Gerard to send the abstract of title. By telegram to Henry C. Gerard, dated October 3, 1944, Garrett renewed his request for the abstract. On October 9, 1944, Henry C. Gerard wrote a letter to Garrett in which he stated that the terms of the offer were satisfactory, except that the owners desired a perpetual reservation of the gas rights rather than the limited reservation stated in the offer.

On October 16, 1944, Garrett wrote Henry C. Gerard stating that Leavitt had elected to withdraw his offer but that "I am personally accepting your proposition, and will pay off the $10,000, less $500 sale commission, just as soon as the title has been declared merchantable by my attorney." He further stated that the cost of the abstract would be $35. He enclosed a copy of a warranty deed to be signed by the owners and their wives, and requested that it be executed and acknowledged and sent to the City National Bank & Trust Company or the Coates Abstract Company of Oklahoma City, with instructions to deliver the deed upon payment by him of $9,500, less the cost of United States Revenue Stamps and abstracting costs and an amount sufficient to pay the 1944 taxes. On October 25, 1944, Garrett wired Gerard, inquiring when he might expect the deed.

On November 4, 1944, Garrett wrote Henry C. Gerard a letter in which he stated that, in accordance with Gerard's telephone authorization, he had obtained the abstract; that the cost thereof was $40; referred to certain defects in the title, and expressed the hope that the deed would be forwarded promptly.

The amended complaint further alleged that through such series of letters and one long distance telephone call, Henry C. Gerard sold and agreed to convey, and Garrett agreed to purchase, such land for a consideration of $9,500; and that Garrett had expended $40 for the abstract and $25 for an attorney's title opinion; that the owners had failed and refused to execute and deliver the deed; that Garrett tendered the sum of $9,500 and offered to deposit the same in court. Garrett prayed for specific performance of the alleged contract and for damages in the alternative. The owners and Henry C. Gerard interposed a motion to dismiss. The trial court sustained the motion and dismissed the action.

■ The letter listing the land with Garrett constituted authority in Garrett to find a purchaser. It did not authorize Garrett to enter into a contract of sale binding the owners.[1]

The listing contract was not an offer to sell, and Garrett, by writing purporting to accept the terms of sale set forth therein, could not create a binding contract to sell.

15 O.S.A. § 136 provides:

"Statute of frauds.—The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: * * *

"5. An agreement * * * for the sale of real property, or of an interest therein; * * *"

Here, there was an offer to purchase by Garrett and an alleged oral acceptance by Henry C. Gerard.

■■ Under § 136, supra, an oral contract for the sale of real estate is invalid, and no action will lie, either for specific performance or for damages for its breach.[2] The memorandum must be a complete contract and no part of the contract can rest in parol.[3]

■ The expenditure by Garrett for the abstract and for the title opinion was not a part performance that would take the contract out of the statute of frauds. In Aikman v. Evans, 181 Okl. 94, 72 P.2d 479, 481, the court said:

"* * * What will constitute part performance is well stated in Harris v. Arthur (1912) 36 Okl. 33, 127 P. 695, as follows:

"'Acts done under a parol contract for the sale of an interest in land most frequently held as such part performance as to take the same out of the statute of frauds, are:

"'(a) The delivery of possession to, or the assumption of exclusive and notorious possession by, the vendee under the verbal contract of sale, and with the knowledge of the vendor, accompanied by part payment of the consideration; (b) or the expenditure of money by the vendee in making improvements, permanently beneficial to the estate, with the knowledge of the vendor, and in pursuance of such parol agreement of sale; (c) or where the parties have so acted under the parol agreement as to alter their position so that a restoration to the former position is impractical or impossible; (d) or where the parties have so acted under the agreement that to allow the defendant to take shelter under the statute, would be to inflict an un-

[1] Smith v. American Inv. Co., 139 Okl. 53, 281 P. 228, 229; Levy v. Yarbrough, 41 Okl. 16, 136 P. 1120, 1121; Whisnand v. Wingfield, 186 Okl. 148, 96 P.2d 318, 322; Gault Lumber Co. v. Pyles, 19 Okl. 445, 92 P. 175, 176.

[2] Fry v. Penn Mut. Life Ins. Co., 195 Okl. 507, 159 P.2d 550; Fox v. Easter, 10 Okl. 527, 62 P. 283; National Bank of Hastings v. Pierce, 94 Okl. 153, 221 P.

111; Burns v. Bastien, 174 Okl. 40, 50 P.2d 377, 380.

[3] McMonigle v. Poorhorse, 174 Okl. 534, 51 P.2d 288, 289; Farrell v. Simons, 180 Okl. 600, 71 P.2d 688, 692; Nickel v. Hinz, 189 Okl. 72, 114 P.2d 449, 450; Halsell v. Renfrow, 14 Okl. 674, 78 P. 118, 121, 122, 2 Ann.Cas. 286; Baker v. Haswell & Taylor, 36 Okl. 429, 128 P. 1086, 1087; Dennison v. Hildt, 180 Okl. 399, 70 P.2d 56, 58, 112 A.L.R. 486.

just and unconscientious injury or loss upon the other party.'"

 The correspondence and telegram did not constitute a contract for the sale of the land. The contract, if any there was, rested in part in parol. It was invalid and will not support an action, either for specific performance or damages.

The judgment is, accordingly, affirmed.