**HUMPHREY v. TAYLOR et al.**

No. 12129—Opinion Filed Jan. 27, 1925.

1. **Specific Performance — Definiteness of Contract—Contract for Sale of Oil and Gas Royalty Rights.**

Specific performance may be had of a written contract for the sale of certain oil and gas royalty rights therein specified, where the terms of said contract, including the consideration, are certain and definite, and the party seeking such relief has made a timely tender of due performance.

2. **Same.**

Record examined, and held, that evidence discloses a sufficient compliance with the contract and a sufficient tender of performance to authorize a court of equity to award specific performance.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by A. B. Taylor and others against T. D. Humphrey. From the judgment defendant appeals. Affirmed.

Wilson & Roe, for plaintiff in error.

P. Mounts, for defendant in error.

Opinion by LYONS, C. Parties will be referred to as in the court below. The plaintiff sued the defendant for specific performance of the following agreements:

"This agreement made and entered into this 15th day of January, 1920, by and between L. H. Hammond, party of the first part, and C. N. Hunter and A. B. Taylor, parties of the second part:

"Witnesseth: That for and in consideration of the sum of $25,000 payable as hereinafter stipulated, party of the first part hereby contracts and agrees to execute and deliver to parties of the second part good and sufficient one-half royalty fee simple in regular commercial 28 form, covering the following described real estate situate in Tillman county, Okla., to wit: Being all of the northwest quarter of section one, township five, south, range fifteen W. I. M. containing 160 acres more or less.

"That of said consideration the sum of $5,000 shall this day be deposited in escrow in the First National Bank of Grandfield, Okla., pending the approval of title to said tract by party of the second part. The party of the first part shall furnish abstracts of title to date covering said tract, and shall deliver same to the party of the second part at Wichita Falls, Tex., within a reasonable time. That party of the second part shall be allowed ten days from and after receipt of abstract for examination of title. That the balance of said consideration being the sum of $20,000, shall be paid to the credit of the party of the first part at said bank upon approval of title as aforesaid, and the initial payment shall be transferred to the credit of party of the first part.

"That this contract, together with good and sufficient one-half royalty fee simple lease, shall be placed in escrow in said bank along with initial payment, to be there held and disposed of according to terms of this contract, and that said one-half royalty fee simple lease shall be delivered to party of the second part upon his payment in full of the said consideration within the period as aforesaid.

"That in the event of the breach of this contract by party of the second part, the said initial payment shall be forfeited to party of the first part as and for liquidated damages for such breach, and that in the event

of said title proving materially defective, then the said initial payment shall be returned to party of the second part upon his disapproval of said title within said period for examination.

"That this contract shall be binding upon his heirs, executors, administrators, and assigns of the parties hereto."

T. D. Humphrey had acquired the interest of A. B. Taylor in said contract by the following agreement:

"This agreement made and entered into this 22nd day of January 1920, by and between A. B. Taylor, party of the first part, and T. D. Humphrey, party of the second part, Witnesseth:

"That for and in consideration of the sum of $1,844, payable as hereinafter stipulated, party of the first part does sell, convey, and assign all of his undivided one-fourth interest in and to a certain 160 acres of royalty, being more properly described as follows: All of the one-fourth (1-4) undivided interest of the northwest quarter (N.W. 1-4) of section one (1) township five south (5S) range fifteen west (15W), Tillman county, Okla., as per contract now in escrow in the First National Bank of Grandfield, Okla., by and between L. H. Hammond, party of the first part, and C. M. Hunter and A. B. Taylor, parties of the second part.

"Should the title to the above real estate and royalty prove to be defective, then the money now in escrow, along with this contract shall be refunded to party of the second part, should title prove good and merchantable, then party of the second part agrees to carry out the terms of the above mentioned contract, between A. B. Taylor and L. H. Hammond covering his one-fourth undivided interest, and the First National Bank of Grandfield, Okla., shall upon the signatures of the parties hereto, pay over unto party of the first part, under the terms of this contract, the above mentioned escrow money to the amount of $1,844."

The trial court after hearing the evidence and after finding that L. H. Hammond and Olive Hammond should be deemed to have been made proper parties plaintiff to the action, found that the plaintiff should have judgment against the defendant for the specific performance of the contract in so far as $1,844 on deposit in the First National Bank of Grandfield, Okla., was concerned, and ordered the payment of said sum to the plaintiff upon delivery by plaintiff to the clerk of the court of a valid oil and gas royalty conveyance upon an undivided one-fourth interest of the northwest quarter of section one, township five south, of range fifteen west of the Indian Meridian, in Tillman county, Okla. From this judgment this appeal is taken.

The subject-matter of this contract is for certain oil and gas rights specified therein. We think that a contract having such subject-matter is susceptible of specific performance. Barnes v. Keys, 36 Okla. 6, 127 Pac. 261; Kelly v. Ohio Oil Co., 57 Ohio State, 317, 39 L. R. A. 765; Lockwood v. Carter Oil Co., 52 L. R. A. (N. S.) 675.

Under the foregoing authorities the proper party in interest was entitled to specific performance of the contract. On January 22, 1920, A. B. Taylor, one of the plaintiffs, sold an undivided one-fourth interest in said royalty contract to the defendant, T. D. Humphrey, for the sum of $6,531.25, said agreement being set out supra. Under this contract an abstract was prepared for the defendant and submitted to his attorneys. The opinion of the attorneys on this abstract is material and is as follows:

"In reference to the abstract on which I gave you an original opinion February 7, 1920, with a supplemental opinion February 17, 1920, covering the northwest 1-4 of section 1, twp. 5, south of range 15, W. I. M. Tillman county, Okla., and which abstract has again been submitted to me, I beg to now advise that the title as reflected by this abstract is vested as follows:

"That the fee simple now shows to be in L. H. Hammonds clear of all incumbrance, and is good.

"I understand the interest you are buying in this land is a portion of the royalty interest as set forth in the contract on the last page of this abstract, between L. H. Hammond party of the first part, C. M. Hunter and A. B. Taylor, parties of the second part. Under this contract I understand that you are buying the interest of A. B. Taylor, which is an undivided one-fourth of one-half the royalty for oil and gas purposes in said land. In reference to this contract I am advised Mr. Hunter refused to carry out his part of the contract as to his three-fourths interest and is going to stand a lawsuit rather than forfeit his escrow money, which will tie this property up in litigation.

"I further understand that it has been suggested by Mr. Taylor that Mr. Hammond will make royalty deed direct to you for one-half of the royalty on 40 acres. In my opinion he cannot do this until the Hunter and Taylor contract has been set aside, as it calls for a joint deed to these parties, which would give them an undivided interest in the whole contract, and there could be no binding division without the consent of both Hunter and Taylor.

"In this connection I advise that in order to avoid litigation you can accept title to your one-fourth interest if there is a writ-

ten agreement placed on record dividing this land, and setting apart 40 acres that will be satisfactory to you. This agreement will necessarily have to be executed and joined by C. M. Hunter and A. B. Taylor and L. H. Hammond and yourself.

"To accept this title as it stands now would likely force you into a controversy between Hunter and Hammond, and whatever litigation they may have in regard to their contract, and in order to avoid this, if you want yours separately you should require an agreed division of the property by all parties. When this has been done, then I advise that you can accept title."

In order to make the title satisfactory Hunter's claim to royalty was eliminated by the execution of a deed by Hunter and Taylor to Hammond. This was done to clear the title so that Taylor could make or have made a transfer of the royalty under his contract to the defendant Humphrey.

It appears further that at the solicitation of Taylor after this deed had been executed Hammond and his wife executed a contract to defendant Humphrey, styled a sale of oil and gas royalty and conveying to said Humphrey, his heirs, successors, and assigns, an undivided one-half interest in all of the oil, gas, coal, and other mineral rights to the premises (describing them), and also an undivided one-half interest in the right, title, and estate of the grantor under and by virtue of any oil and gas mineral rights on premises including all rents, and royalties accrued, together with the right to prospect.

The testimony was that after Humphrey had released his interest in the oil lease on March 3, 1920, Hammond and his wife executed a transfer of the oil and gas royalty under the contract, leaving the description of 40 acres blank for the purpose of permitting Humphrey to select any 40 acres of land desired, or an undivided interest in the 160 acres.

The conveyance was prepared, signed by the parties, and Humphrey was informed that if he was not satisfied with the same, they would fix it in any way he might desire. We think the evidence sustains the contention that a valid offer of performance was made, and that the contract was breached by Humphrey. We are also of the opinion that the judgment of the trial court is in accordance with the testimony, is not against the weight of the evidence, and is sustained by the clear weight of the evidence.

An examination of the record discloses that there is no reversible error and that

the judgment of the trial court should be affirmed.

By the Court: It is so ordered.