[No. 30050. Department Two. November 14, 1946.]

FRANK STANEK *et al., Respondents,* v. O. L. PETERSON *et al., Appellants.*[1]

*Wilkinson & Langsdorf,* for appellants.

*McMullen & Snider,* for respondents.

SIMPSON, J.—This action was instituted to recover a sum of money paid to apply on the purchase price of real estate during negotiations for the purchase of that property.

The allegations appearing in the amended complaint were in effect as follows: The parties plaintiff and defendant engaged in certain oral negotiations whereby plaintiffs were to purchase real property from defendants, and plaintiffs paid one thousand dollars upon the purchase price. The sale was not consummated, and plaintiffs demanded the return of the one thousand dollars, which was refused by defendants.

The defendants admitted the allegations of the complaint and then, by way of cross-complaint, alleged that: Plaintiffs agreed to purchase defendants' home; the deal was to be consummated by an escrow agreement; plaintiffs de-

[1]Reported in 174 P. (2d) 308.

sired possession within thirty days, and defendants, in order to comply with the desire of plaintiffs, removed a large quantity of lumber and logging equipment which was stored in their basement and sold miscellaneous items of personal property at a loss; further, defendants expended their efforts in packing their personal effects and were entitled to be reimbursed therefor; also, defendants lost certain sums of money expended by them in advertising their home for sale, and the property had depreciated in value after plaintiffs had refused to comply with the terms of the oral contract. The total amount claimed by defendants was $1,211.85.

The reply put in issue the allegations of the cross-complaint.

The case was set for trial before a jury. However, on the day prior to date set for the trial, defendants filed a motion to strike the cause from the jury calendar for the reason that there was "no issue for trial before a jury and because the entire cross-complaint" was "based upon equitable estoppel." The record does not disclose what ruling was made on the motion. Thereafter, plaintiffs moved to strike the cross-complaint, giving as their reason that it was substantially the same as contained in an original cross-complaint to which a demurrer had been sustained, and for the reason that the cross-complaint failed to state facts which would authorize recovery. At the same time, the plaintiffs moved for judgment on the pleadings.

In the ensuing argument, counsel for defendants admitted: (1) that they were not seeking specific performance of the contract; (2) that there was no dispute regarding plaintiffs' claim; (3) that the only question to be decided was the question raised by defendants' second amended answer and cross-complaint and counterclaim; (4) "We don't base our claim upon part performance but upon an equitable estoppel. We have an independent cause of action. . . . It is our contention that neither of the parties could recover on a contract for the reason there wasn't any contract. I think the plaintiffs can recover back the money paid, less whatever damages we suffered."

The court signed an order striking the cross-complaint and then entered judgment on the pleadings to the effect that plaintiffs should recover the sum of one thousand dollars.

Defendants have appealed to this court.

There are three assignments of error. The first two charge error in granting judgment on the pleadings and in refusal of the court to allow the case to continue to trial on the merits; the third assignment of error is that the court erred in not granting appellants' motion to take the case from the jury.

Appellants' contentions as stated in their brief are:

"First, we do not claim under any oral contract or under any contract. We contend the respondents are not entitled to the return of their money until they place the appellants in *status quo*. The cases where there is a claim under a void or voidable contract, in our opinion, have no application."

Respondents contend that the trial court had but one question to decide; that question was whether or not defendants' counterclaim constituted a cause of action.

The basis of appellants' contention is that they may recover damages, because respondents did not comply with an agreement by which they were not legally bound. We are unable to conclude that the facts, as set out in the pleadings, give the appellants a right of action. They were charged with knowledge of all the facts and, by their own confessions, admit that the contract was not enforcible.

Appellants concede that respondents could at any time ask for and receive the return of the initial payment. That being the situation, it must be held that appellants incurred expenses and performed labor at their own risk. Under such circumstances, they cannot recover.

The judgment of the trial court is affirmed.

STEINERT, MALLERY, and CONNELLY, JJ., concur.