BURFORD et al. v. BRIDWELL.

No. 31499. Oct. 7, 1947.

*185 P. 2d 216.*

Curtis & Blanton, of Pauls Valley, for plaintiffs in error.

Haskell Paul, of Pauls Valley, for defendant in error.

WELCH, J. Plaintiffs in error sued the First National Bank of Lindsay, Oklahoma, and alleged an oral contract under the terms of which plaintiffs agreed to sell to E. W. Bridwell 80 acres of land for a consideration of $15,600; that in pursuance of the contract Bridwell deposited in the bank, in escrow, $500 to be paid on the purchase price if and when the abstract of title to be submitted by the plaintiffs disclosed a merchantable title to the property in said plaintiffs. Plaintiffs allege that Bridwell wrongfully repudiated the contract, whereby the bank became liable to them for the amount of the deposit.

The defendant bank for answer stated:

"That on April 16th, 1942, that one E. W. Bridwell executed and delivered to the defendant his personal check for sum of $500.00, with notation written thereon, 'on satisfactory deed and contract to agree on' and at that time was in defendant's bank in company with the plaintiff D. L. Coffee. That said E. W. Bridwell gave to said defendant no verbal or written instructions as to the payment of said sum of money, other than the notation written on said check. That at said time said parties had under discussion a sale of certain lands belonging to the plaintiffs, and defendant understood that said sum of money was to be held in escrow by the defendant and to be paid or applied as might be agreed upon by said parties in a contract to be agreed upon and executed the following day.

"That said E. W. Bridwell has instructed the defendant to not pay said sum to said plaintiffs, and claims to be entitled to said sum of money held in escrow. That defendant does not know to whom said money should be paid as it is merely escrow agent for said parties and has and claims no interest in said deposit of money. That such claim is without collusion on part of defendant with any party or claimant.

"That said defendant hereby tenders into court the said sum of money so placed in escrow by said parties and is ready and willing to pay said money into court upon order of the court to do so."

Bridwell intervened and claimed the deposit, and stated the money was left with the bank as an escrow deposit in anticipation of a real estate transaction with plaintiff, but was not to be held as an escrow deposit by the bank unless negotiations on the real estate transaction were completed by an agreement between the intervener and the plaintiffs and such agreement reduced to writing and delivered to the bank; that no written or oral agreement was ever made between the intervener and the plaintiffs.

The cause was tried to the court and judgment entered for the intervener. Plaintiffs appeal.

No review of the evidence is requested and the record does not contain a transcript of the evidence presented at the trial. The record contains the pleadings, the findings of fact and conclusions of law made by the trial court and the orders and judgment entered thereon. Under the circumstances the findings of fact stand as conclusive and this court is limited in its inquiry to whether, based upon the facts found, the conclusions of law are correct. St. Louis Carbonating & Mfg. Co. v. Lookeba State Bank, 59 Okla. 71, 157 P. 1046.

The court made findings as follows:

". . . The intervener, E. W. Bridwell, and the plaintiff, D. L. Coffee, went to the First National Bank of Lindsay, Oklahoma, on or about April 16, 1942, and represented to Mr. C. F. Costello, an officer of that bank, that they had a meeting of their minds with reference to the sale by the plaintiffs to the intervener of eighty (80) acres of land for the sum of $15,600.00 . . .

". . . The intervener, . . . gave a check for five hundred dollars ($500.00) to the First National Bank of Lindsay, Oklahoma, to be delivered by said bank through its agent and employee, C. F. Costello, to the plaintiffs upon delivery by plaintiffs to the intervener of a good and sufficient deed to the tract of land involved in the transaction. . . .

"That it was decided by Coffee and Bridwell and the employee of the bank that the deed would be brought in and completed the next day.

"The parties agreed that the $500.00 in question should be a part payment on the 80 acres of land, . . .

"That on the said 17th day of April, Coffee and his wife and Mrs. Burford came into Lindsay and executed a deed to the said short 80 as described by the parties, properly describing it. That sometime thereafter, the other plaintiff, L. P. Burford, signed the deed, and same was duly executed.

"The court finds that plaintiffs are ready and willing to complete the contract and have been at all times."

After comments by counsel for the parties, the court made further specific findings as follows:

". . . That the intervener paid his $500.00 to the First National Bank of Lindsay, Oklahoma, by his personal check upon which he had made a notation that the same was payment on a contract to be agreed upon, but that all evidence having been considered, the court nevertheless finds that the parties had entered into an oral contract, and, 'the $500.00 was delivered as part payment on the purchase price.'"

The trial court's conclusions of law were stated as follows:

". . . The law with reference to this case is that in the case of an oral contract for the sale of realty which is by

the law of Oklahoma unenforceable, that the court will always leave the parties where they are found.

"The court concludes that the bank and its employee, Costello, was the agent of Bridwell, the intervener, and that the $500.00 paid by Bridwell by his check is still in the hands of his agent and has not passed to the hands of the plaintiffs and therefore the plaintiffs are not entitled to recover as same would amount to a forfeiture, and the court therefore renders judgment for the intervener as per journal entry . . "

Plaintiffs present argument on all assignments of error under the proposition that a vendee cannot recover money paid on the purchase price of lands under an oral contract if the vendor has not repudiated the contract, but is ready, willing and able to perform.

This proposition has been sustained by this court. Schechinger v. Gault et al., 35 Okla. 416, 130 P. 305; Weller v. Dusky, 51 Okla. 77, 151 P. 606; Kyger v. Caudill, 115 Okla. 102, 241 P. 814. And such is the rule in most jurisdictions. As said in 49 Am. Jur., Statute of Frauds, p. 564:

"According to the great weight of authority, the vendee, under an agreement for the sale and purchase of land which does not satisfy the statute of frauds, cannot recover back payments upon the purchase price if the vendor has not repudiated the contract but is ready, willing and able to perform in accordance therewith, even though the contract is not enforceable against the vendee either at law or in equity."

Intervener suggests that plaintiffs have never received the money and that the proposition submitted by plaintiffs has no application to the facts in this case. Intervener contends that the real basis of plaintiffs' cause of action was for damages for breach of an oral contract for purchase of real estate, and that the rule as stated in Farmers State Bank v. Cox, 41 Okla. 672, 139 P. 953, and other cited cases, is applicable.

The money which is the subject matter of this action was placed in the hands of the defendant bank. The bank was not a party to the contract for sale of the realty and claims no interest in the money and has deposited the same into the registry of the court. The question is, Who may rightfully claim the money as between the plaintiffs and the intervener?

Under the facts, as found by the court, the money was placed in the bank as a part payment of the purchase price of the land and under an agreement that it be held for plaintiffs dependent only upon condition that plaintiffs performed their part of the agreement. It cannot be said that intervener left the money in the hands of his agent, with power on his part to reclaim it at his pleasure and to forbid its being paid over to plaintiffs. It was deposited under an agreement which as between the parties was unenforceable, but was not unlawful, and was capable of being performed. As concerned the bank which held the money under the agreement of the parties, and as agent of both of the parties, it was to be paid to plaintiffs when plaintiffs should complete their part of the contract. The effect of thus placing the money in the bank was to render it irreclaimable by intervener except in case of failure on the part of plaintiffs to fulfill their agreement, and there was no failure on the part of the plaintiffs.

It is clear that if intervener had paid the money direct to plaintiffs under the same circumstance, he could not reclaim it. Schechinger v. Gault et al., supra; Am. Juris. supra. As between the parties, we perceive no difference in the fact that the money was paid to a third party for the benefit of plaintiff than if it had been paid direct to plaintiffs.

In an early case, 1843, Couglin v. Knowles, 7 Metcalf (Mass.) 57, 39 Am. Dec. 759, it was held:

"Purchaser, having paid money on contract within statute of frauds, either to vendor or to a third person, to be paid to him on the execution of a con-

veyance, cannot recover the same on the ground of the invalidity of the contract, if the vendor is ready and willing to perform it."

We think such a holding is proper in this case and that plaintiffs standing ready, willing and able to perform the agreement at all times could rightfully claim the deposit.

In 30 C. J. S., Escrows, § 8, in the headnote, it is stated:

"Generally the depositary is the agent or trustee of both parties until performance of the conditions, but thereafter he holds the instrument as agent for the party entitled thereto; he must act strictly in accordance with the terms of the escrow agreement and is liable for departures therefrom."

Under the facts as found by the trial court, the plaintiffs duly executed the deed to the property and stood ready and willing at all times to complete the agreement. Upon performance of the conditions of the agreement, plaintiffs were entitled to the money. The bank, as holder of the money, became the agent or trustee of plaintiffs. After performance of the condition the bank's possession was equivalent to possession by plaintiffs. The money was paid into court, the court should order it delivered to the plaintiffs.

The judgment is reversed, and the cause remanded, with directions to enter judgment for plaintiffs.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur.