**Robert E. CLOUD, Plaintiff in Error,**

**v.**

**Francis W. WINN, Melvin J. Hughey and the State National Bank, Weleetka, Oklahoma, a corporation, Defendants in Error.**

**No. 37251.**

Supreme Court of Oklahoma.

Oct. 9, 1956.

Rehearing Denied Nov. 13, 1956.

Marvin T. Johnson, Tulsa, for plaintiff in error.

Leon C. Phillips and Martin L. Frerichs, Okemah, for defendants in error.

CARLILE, Justice. ·

Robert E. Cloud instituted this action in the District Court of Okfuskee County against Francis W. Winn, Melvin J. Hughey and the State National Bank of Weleetka, Oklahoma, a corporation, wherein plaintiff prays specific performance of an alleged contract for the sale and purchase of an assignment of an oil and gas lease covering a one-fourth interest in 40 acres of land, and to recover the sale price of the assignment in the sum of $10,000. Service of Summons was had on the defendant Winn by publication, and he filed motion to quash the summons, which motion was overruled, with exception, and defendant filed his answer. Upon a trial of the issues before the court, without a jury, the defendants demurred to plaintiff's evidence, ruling thereon being reserved, and at the conclusion of all the evidence the court overruled the demurrer on behalf of the defendants and then rendered judgment for the defendants upon the evidence and law, to which ruling the plaintiff excepted and gave notice of appeal to this court. We shall refer to the parties by name, or as plaintiff and defendants, as they appeared in the trial court.

It was alleged by plaintiff that about March 28, 1954 he and the defendant, Francis W. Winn, entered into a contract, partly oral and partly written, by the terms of which the plaintiff agreed to sell and the said defendant agreed to purchase an undivided one-fourth interest in and to a producing oil and gas mining lease on 40 acres of land in Okfuskee County for a consideration of $10,000, upon completion of certain drilling and the payment by plaintiff of his proportionate part of the costs in the sum of $2,319.79 and proof of the payment of all bills, and alleged that plaintiff had complied with such terms; that the defendant Winn on March 28, 1954 deposited in escrow with the defendants, The State National Bank of Weleetka and Melvin J. Hughey, President of said bank, the sum of

$10,000 as earnest money to pay the purchase price of said assignment; copy of a letter dated March 28, 1954 from the defendant Winn in Alhambra, California to the defendants Hughey and the said bank was made a part of plaintiff's petition. In the said letter the writer referred to an enclosed $10,000 check to be placed in escrow pending the delivery by Robert E. Cloud of Independence, Kansas of a valid assignment of an interest in the oil and gas lease, and stated that Mr. Cloud was to pay $2,319.79 as his share of the drilling costs of a well and furnish proof that certain other bills aggregating the sum of $1,406.91 were paid, and that all oil or gas produced and sold from the property was to be paid to Francis W. Winn.

The plaintiff Cloud further alleged in his amended petition that he had performed all the conditions required of him with respect to the sale of the lease assignment, and that he had deposited the assignment in the State National Bank of Weleetka, a copy of the assignment being attached, and that the defendant Winn refused to pay the consideration agreed to be paid therefor, and that the defendants, Hughey and The State National Bank, permitted the defendant Winn to withdraw the $10,000 escrow deposit, contrary to the terms thereof, without the knowledge and consent of the plaintiff, and prayed judgment against the defendants, directing that the escrow deposit be restored; that plaintiff have judgment for specific performance, requiring the agent to pay the plaintiff the sum of $10,000, and all proper relief.

The plaintiff, pursuant to motions to make his petition more definite and certain, filed amendments thereto wherein he alleged in substance that there was a written agreement for the purchase of the assignment dated March 22, 1954 between the defendant Winn and himself and alleged that such agreement had been cancelled and abandoned, and that the only contract between the parties was the escrow agreement of March 28, 1954, as alleged and set forth in plaintiff's original petition.

The defendants, The State National Bank of Weleetka and Melvin J. Hughey, President of said bank, answered generally denying the allegations of plaintiff's petition, and specifically denied that they entered into any agreement with the plaintiff to hold in escrow any property for him and the defendant Winn, that the only agreement between plaintiff and Francis W. Winn, of which they had any knowledge was an option contract dated March 22, 1954, a copy of which was attached and made a part of the answer. They further alleged in their answer that on March 31, 1954 the plaintiff Cloud presented to them a purported assignment of an oil and gas lease, and advised them that in the event Francis W. Winn wanted to receive it it was to be delivered to him if he decided to pay $10,000 for it, and alleged that said conversation did not create an escrow agreement, and further alleged that the claim of the plaintiff was void and in violation of the Statute of Frauds, which defendants pleaded as a bar against plaintiff's claim.

The defendant, Francis W. Winn, answered denying the allegations of plaintiff's petition and alleged that on March 22, 1954 he secured an option, which he never exercised, which option is referred to in plaintiff's petition as having been cancelled and abandoned, and further alleged that at no time did he enter into any other contract with reference to such property, and denied that he entered into any escrow agreement with defendant bank, and that any claimed contract is void because contrary to the Statute of Frauds, and alleged that he did not owe plaintiff anything and that no proper service had been had upon him.

The plaintiff in error presents his assignments of error and argument on the one general proposition:

"The trial court erred in disregarding the evidence of plaintiff and rendering judgment for defendants",

and in support of his proposition, after referring generally to the evidence, cites the case of Humphrey v. Taylor, 106 Okl. 38, 233 P. 180, which holds:

"Specific performance may be had of a written contract for the sale of certain oil and gas royalty rights therein specified; where the terms of said contract, including the consideration, are certain and definite, and the party seeking such relief has made a timely tender of due performance."

As above indicated, the terms of the agreement in the cited case were definite and certain, both parties agreed thereto, and the party seeking relief made timely tender of performance. The record in the present action shows a much different state of facts, and the issues are more complex. The same may be said with respect to the case of Creeden v. North, 160 Okl. 90, 15 P.2d 991, which is cited by plaintiff. In that case the terms of the agreement were signed by both parties, and it is held that the obligation did not terminate with the death of one of the parties.

The case of Eason v. Walter, 118 Okl. 37, 246 P. 865, cited by plaintiff, involved the sale of an oil and gas lease placed in escrow by agreement of both parties, and it is there held that the lessor acquired no right in the money deposited until the conditions were performed, and where no specific time is fixed for performance a reasonable time is allowed.

The case of Burford v. Bridwell, 199 Okl. 245, 185 P.2d 216, also cited by plaintiff, involved the recovery of a $500 deposit in escrow as part of the purchase price of real estate, to which a deed had been executed and deposited with the bank, and it is there held that the vendee could not recover his deposit on the ground of invalidity of the agreement where vendor is ready, willing and able to perform.

■ The cases cited follow well established principles of law, but which have little application to the facts in the present case. The plaintiff in his brief says it is difficult to understand just what was in the mind of the trial court in rendering judgment. There was no request for findings of fact or conclusion of law, and the trial court made none. In rendering the judgment the court is presumed to have found the facts in favor of defendants and sufficient to sustain the judgment rendered. Nadel v. Zeligson, 207 Okl. 658, 252 P.2d 140.

■ The plaintiff, as vendor, alleges a contract of sale, partly oral and partly written, of an assignment of a one-fourth mineral interest in an oil and gas lease on 40 acres of land, pursuant to an escrow agreement.

"The question of escrow is generally a question of fact, to be determined from the evidence in each particular case." 10 R.C.L. 621.

"To create a valid escrow, there must be a depository with instructions from the parties as to their agreement concerning delivery and taking effect of the escrow instrument, and such person must agree to accept the custody of the instrument on the terms specified by the parties." 30 C.J.S., Escrows, § 6, p. 1200.

■ The present action involves the sale and assignment of an oil and gas lease pursuant to an alleged escrow agreement, and it is essential that the facts are such as to establish the contract and escrow agreement and show that the party to be charged has signed the same or some note or memorandum thereof, as required by Title 15 O.S.1951 § 136.

"An oral contract for the sale of an oil and gas lease for a term of years cannot be specifically enforced unless some note or memorandum thereof be reduced to writing and signed by the party to be charged, or the party against whom specific performance is sought." Sohio Petroleum Co. v. Brannan, 205 Okl. 1, 235 P.2d 279, 280.

In order that instrument may operate as an escrow when delivered to one not a party to the instrument, to be delivered in turn to a party to the instrument upon the performance of certain conditions, there must be a valid contract between the parties as to the subject matter of the instrument and the delivery, and in the absence

of such a contract the party making the delivery may recall the instrument. The rule is stated in 19 Am.Jur. 421, Sec. 5, as follows:

"Many authorities lay down the rule that in order that an instrument may operate as an escrow when delivered to one not a party to the instrument to be delivered over in turn to a party to the instrument upon the performance of certain conditions, there must be a valid contract between all the parties as to the subject matter of the instrument and the delivery, and that in the absence of such a contract the party making the delivery may recall the instrument. Hence, not only must there be sufficient parties, a proper subject matter, and a consideration in order for an escrow to exist, but the parties must have actually contracted. The actual contract of sale on the one side and of purchase on the other is as essential to constitute the instrument an escrow as that it be executed by the grantor; and until both parties have definitely assented to the contract, the instrument executed by the proposed grantor, though in form a deed, is neither a deed nor an escrow."

■ In order to create a contract it is necessary that there be a meeting of the minds of the parties thereto upon all the terms of the contract sought to be enforced, and the acts to be done must be clear.

"One of the essentials of every contract is that there must be a meeting of the minds of the parties. That is to say, they must come to some definite agreement about the exact act or thing to be done * * *". Frazier v. Powell, 169 Okl. 537, 37 P.2d 920.

" 'Before there can be an agreement, there must be a meeting of the minds of parties on matter attempted to be agreed on, and no contract can be said to have been created where their minds have not agreed on one and the same thing.' " Griffin Grocery Co. v. King-

fisher Mill & Elevator Co., 168 Okl. 157, 32 P.2d 63, 66.

The case of O'Neal v. Harper, 182 Okl. 52, 75 P.2d 879, 881, involved the sale of a mineral interest in which there was issue as to the consideration to be paid and the court in the opinion there said:

"The purchase price was a material part of the contract and it is necessary that there be a meeting of the minds on the amount thereof before a valid contract could exist. It is not enough that plaintiff intended to sell this particular royalty interest and that defendant intended to buy it."

The plaintiff Cloud, in support of his claims, put in evidence a letter from the defendant Winn to the State National Bank and Mr. Hughey, President of the bank, which sets forth conditions relating to the sale and assignment here in question, which letter is as follows:

"General Delivery,
"Alhambra, Calif.,
March 28, 1954.

"Mr. Melvin Hughey,
"State National Bank, Weleetka, Okla.
"Dear Mr. Hughey:

"In accordance with out conversation of this date I am forwarding herewith my check written on the First National Bank & Trust Co., Woodbury, N. J., in the amount of $10,000.00 for deposit to my account at The State National Bank. Also, enclosed herewith is my check drawn on the State National Bank in the amount of $10,000.00 which is to be placed in escrow with Robert E. Cloud of Independence, Kansas, pending his delivery of a good and valid assignment of interest in oil and gas lease covering all of his interest in the following described real estate, situated in Okfuskee County, State of Oklahoma, to-wit:

"One Quarter (¼) of the Northwest Quarter of Northwest Quarter (NW¼ of NW¼) of Section Two

(2), Township Ten North (10N), Range Eleven East (11E).

"Mr. Cloud has agreed to pay his proportionate share of the drilling costs of the well in accordance with the letter written to him on March 24, 1954, and signed by Francis W. Winn. His share of the costs is $3,180.23 minus $860.44 or $2,319.79. The check which Mr. Warren Winn holds in the amount of $860.44 to be issued on March 31 to the Mountain Iron & Supply Co., should be destroyed since the amount had been previously paid to them by Mr. Cloud. Mr. Cloud will provide proof that bills in the total amount of $546.47 and $860.44 have been paid so that the records of the drilling account may be complete.

"It has been agreed that payment for all oil that has been produced and sold from said property will be paid to Francis W. Winn. And, Mr. Cloud will not share in the operating expenses which have been incurred since March 11, 1954.

"Very truly yours,
"Francis W. Winn.
"cc: Mr. Robert E. Cloud,
"Mr. Warren Winn."

The letter was sufficient to bind the writer under the Statute of Frauds, subject, however, to the conditions stated in the letter, but such conditions were not accepted or proof of performance of the acts required established. The plaintiff testified that the conditions in the letter were satisfactory, but the conditions under which he deposited his lease assignment differed from the conditions set forth in the letter.

Plaintiff testified that for a period of two weeks previous to the letter he had had conversations with Mr. Winn concerning the matter of sale and received a copy of the above quoted letter and said that the letter was the essence of their previous conversations. Plaintiff put in evidence his assignment of the oil and gas lease to Mr. Winn, which assignment shows to have been acknowledged before Mr. Hughey on March 31, 1954. Plaintiff was asked what he told Mr. Hughey when he executed the assignment and he first answered:

"I didn't take note of that. I must have told him it was agreeable to me."

Then, upon request for a definite answer, he said he told him the agreement was agreeable to him. It is not clear what agreement the witness referred to, but we presume he had reference to the letter of March 28th from Mr. Winn to the bank and Mr. Hughey.

Plaintiff further testified that he did not recall any oral conversation whereby Mr. Winn was to deposit in escrow $10,000. The defendant Hughey testified that he received the letter and the $10,000 check referred to therein from Mr. Winn, and the amount was put in escrow, but subsequently transferred to the personal account of Mr. Winn on April 30, 1954; that he did not discuss the matter with Mr. Cloud before so doing. He testified he received the lease assignment in question from the plaintiff Cloud, who came in with the instrument and said that Francis Winn was to pay $10,000 and he was to deliver it to him when he paid it; that there was no discussion by either of them about putting it in escrow. He was not asked to put it in escrow, and that Cloud asked to have it acknowledged and to leave it there for Winn if he wanted to pay $10,000 for it. Defendant Hughey was asked:

"Q. At that time did you have any knowledge then of the contract between the parties?
"A. No, sir.",

and stated that he had not seen it, that the letter was dated March 28th, and coming from California he perhaps had it, but never discussed it with Cloud. He said that Cloud never came back to ask about the deal; that he called long distance one day in August of 1954 and said he wanted to get his money on the deal, and he told him Mr. Winn had backed out and withdrew the money. On cross-examination the witness Hughey said the $10,000 check was not in escrow at the time the lease

assignment was left with him; that it was possible they were received the same day, he did not know. According to the testimony of the defendant Hughey the only direction or conditions under which the plaintiff Cloud left or placed the lease assignment with him was that Mr. Winn was to pay $10,000 for it.

The plaintiff Cloud testified that he complied with the agreement, and said he had paid the bills referred to in defendant Winn's letter at the time he deposited the lease assignment, but he offered no proof in support of his state, or that he had so advised Hughey.

As previously stated herein, it is essential to the creation of a contract that the parties thereto agree upon the identical terms. In the present case, the plaintiff, as vendor, deposited his assignment with the defendant bank and its president upon the condition that he was to receive $10,000 for it without further obligation or duty on his part. The defendant Winn made a separate and independent delivery of $10,000 to the bank and its president for the lease assignment, conditioned that the vendor pay certain outstanding bills and submit proof that they had been paid, and further provided that payment for all oil and gas produced under the lease be paid to the vendee. According to the testimony of Mr. Hughey the plaintiff made no mention of such bills in connection with his deposit of the assignment and presented no proof of such payment, and made no inquiry about the assignment until some months after depositing the same.

There was no true escrow agreement or binding contract between the plaintiff Cloud and the defendant Winn because the condition under which the plaintiff proposed to sell was not accepted by the defendant Winn, who proposed and submitted a different proposition. There was no mutual agreement and, therefore, neither party to be charged was bound. The mere execution of an assignment of an interest in an oil and gas lease by the owner thereof and the deposit of the same with a third party with directions to deliver to the assignee upon payment of the purchase price is not a delivery in escrow and is insufficient to take the contract for the sale of such assignment out of the provisions of the Statute of Frauds as against an alleged purchaser.

"A mere agreement between the parties that the instrument shall not be delivered to the grantee or obligee until the performance of a certain condition, or happening of a contingency, will not be sufficient to constitute the instrument an escrow; it must be actually deposited with a third person to await performance of the condition. Further, a deposit made by the depositor alone will not be sufficient to constitute a valid escrow; it must be made by the agreement of all the parties to the instrument." 30 C.J.S., Escrows, § 5, p. 1197.

Among the cases cited in support of the above quoted text is Smith v. Macbeth, 119 Fla. 796, 161 So. 721, 724, which holds:

"To constitute a binding escrow, there must be an instrument embodying conditions mutually beneficial to both parties, agreed to by both parties, and it must be communicated to and deposited with a third party."

"The deposit of mining stock as an escrow, with a writing authorizing its purchase by a certain person for a certain price within a certain time, is not binding as an escrow, in the absence of a binding contract therefor between the parties." Clark v. Campbell, 23 Utah 569, 65 P. 496, 54 L.R.A. 508.

"The deposit of a deed with a third person to be delivered to the grantees upon payment of the price for the land fixed by the grantor is not a delivery in escrow, where there was no prior or contemporaneous contract of sale of the land of which the delivery of the deed was to be the consummation." Holland v. McCarthy, 173 Cal. 597, 160 P. 1069.

This Courrt, in Davis v. Holman, 163 Okl. 59, 20 P.2d 575, holds:

"The words 'party to be charged' as used in section 5034, C.O.S.1921 [15 O.S.1951 § 136], relating to contracts for the sale of real property, mean the party against whom the contract is sought to be enforced.

"The mere execution of a deed by the owner of real property is not sufficient to take the contract for the sale of such property out of the provisions of the statute of frauds as against the alleged purchaser."

■ To the same effect and holding as the next above case is Stegall v. Jack, 172 Okl. 154, 44 P.2d 97.

15 O.S.1951 § 71:

"Qualified acceptance is a new proposal."

15 O.S.1951 § 72:

"A proposal may be revoked at any time before its acceptance is communicated to the proposer, but not afterwards."

Neither party being bound, each had the right to withdraw or revoke their proposals and recover their property from the holder thereof.

"A court of equity will not award specific performance of an alleged contract, where any material part of an alleged contract is optional to the party seeking performance." Owens v. Wilson, 135 Okl. 38, 273 P. 895.

In Sohio Petroleum Co. v. Brannan, supra, the plaintiff, at the expiration of the period fixed for holding a draft, directed the bank to further hold the draft and assignment subject to his recall, and the court there said [205 Okl. 1, 235 P.2d 283]:

"This made the extension of time optional with the plaintiff, and his offer subject to withdrawal at any time he might wish to withdraw it."

And in the syllabus holds:

"Where a party seeking specific performance of an oral contract has made his own performance conditioned upon his will to perform, the contract is thereby rendered unilateral and will not be enforced in equity in favor of one who has made contract unenforceable against himself."

The plaintiff testified that he signed a division order with the Mid-Continent Oil Company, did not remember just when he did so, and in August collected various checks, which were put in evidence, in payment of the oil produced from the well on the lease, and said he had not cashed the checks and was willing to deliver them to Mr. Winn when he complied with the agreement.

We have examined the evidence and record and conclude that the plaintiff's evidence was insufficient to meet the burden of proof required and necessary to establish a binding contract and escrow agreement in his favor or entitle him to a judgment.

We find the judgment of the trial court to be sustained by the evidence and the law, and the same is therefore affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, BLACKBIRD and JACKSON, JJ., concur.

HALLEY, J., concurs in part and dissents in part.