Bud **SARBER**, Plaintiff in Error,

v.

John **HARRIS**, Defendant in Error.

No. 39185.

Supreme Court of Oklahoma.

Jan. 9, 1962.

Sims & Cooper, Seminole, for plaintiff in error.

Dick Bell, Seminole, for defendant in error.

BERRY, Justice.

John Harris, plaintiff below, instituted this action against Bud Sarber, defendant below, to recover a deposit of $500.00 for

part payment upon the purchase price of realty. The trial resulted in a judgment for the plaintiff and defendant has brought this appeal. Our continued reference to the parties will be by their designation in the lower court.

According to plaintiff's evidence, he "never actually agreed to buy" defendant's property, and the check for $500.00, executed and delivered to defendant by plaintiff's mother, represented merely "good faith money" which, pursuant to the parties' understanding, was not to be cashed, but was to be held by defendant until negotiations became completed. As disclosed by defendant's version of the transaction, he granted plaintiff an option to buy his property on or before a day certain, and when plaintiff declined to purchase on that day, defendant became entitled to retain the consideration as, or in lieu of, "liquidated damages". The transaction rests entirely in parol. There is no written "note or memorandum" subscribed by either of the contestants. From the inception of their dealings, the parties contemplated that an agreement in writing would be entered by them at a later date. It stands admitted that plaintiff refused to execute a written contract because of defendant's alleged misrepresentation as to the value of, and income from, the property to be sold.

Defendant asserts error in submitting to the jury the issue of whether the parties did actually enter into a verbal contract for the sale of realty. The factum of such oral agreement, we are urged, was not open to controversy, but stood admitted by the plaintiff whose very right to recover was predicated and necessarily dependent upon the breach thereof by the defendant. It is argued that the trial court should have affirmatively instructed or informed the jury "as a matter of law" concerning the existence of the oral contract between the parties.

■ In giving consideration to the argument so advanced, we need not immediately concern ourselves with the matter of whether the negotiations between the parties had culminated in a complete understanding and meeting of the minds upon the essential terms of the intended transaction. The contract, if one were in fact entered into, was for the sale of real property. It rests entirely in parol and the record fails to disclose any such acts of performance as will take the alleged agreement outside the Statute of Frauds. The law is settled that partial payment of the purchase price by vendee of real estate is not in itself sufficient to satisfy the requirements of this statute. 15 O.S.1951 § 136, subd. 5; Fry v. Penn Mut. Life Ins. Co., 195 Okl. 507, 159 P.2d 550; Nichlos v. Edmundson, 105 Okl. 202, 232 P. 68; Bahnsen v. Walker, 89 Okl. 143, 214 P. 732; Adams v. White, 40 Okl. 535, 139 P. 514; Levy v. Yarbrough, 41 Okl. 16, 136 P. 1120; Halsell v. Renfrow, 14 Okl. 674, 78 P. 118, 2 Ann.Cas. 286. See also Harris et al. v. Arthur, 36 Okl. 33, 127 P. 695. It therefore follows that even if, as defendant asserts, there was an oral contract for the sale of real property, such, under the facts, was manifestly unenforceable and invalid under the statute of frauds, and no action could lie by either the buyer or the seller to recover damages for the breach thereof. Fox v. Easter, 10 Okl. 527, 62 P. 283.

■ As reflected by the evidence, plaintiff did not attempt to enforce an oral contract, nor did he seek damages for its breach. Rather, his action was one for recovery of the deposit made by him in course of negotiations upon the purchase price. There is a marked distinction between enforcing an ineffective or incompleted agreement and asserting title to money paid thereunder. In the latter case, the action is not one for breach of contract, but for money had and received. It lies whenever one has the money of another which he, in equity and good conscience, has no right to retain. While it is an action at law triable to a jury, its determination is controlled by principles of equity and fair dealing. Thurlwell v. Rabbit, 110 Okl. 285, 235 P. 923; Rogers v. Lassiter, 196 Okl. 228, 164 P.2d 632, 633. An action for mon-

ey had and received will lie to recover payment made under an unenforceable, incompleted or rescinded contract. 4 Am.Jur. 517, 518 "Assumpsit", Sec. 27; 58 C.J.S. "Money Received" § 6, p. 916. See also Roussel v. Russell, Okl., 339 P.2d 522, 527; Cone v. Ariss, 13 Wash.2d 650, 126 P.2d 591; Jones v. Goldberger, Okl., 323 P.2d 344.

■ Although both litigants had a verbal understanding that the total consideration for the property was $25,000.00, of which $7500.00 would be paid in cash, there was little or nothing to show that their minds had actually met and were in accord either on the manner in which deferred payments were to be made upon the balance of the purchase price or as to what rate of interest, if any, was to be charged thereon, or whether such balance would be secured by a mortgage.

■ The amount of the purchase price as well as the terms of its payment formed an essential part of the transaction. No contract, whether in writing or by parol, can be complete without mutual assent of the parties to all of its material terms. It is not enough that a vendee is willing to buy and the vendor intends to sell the property. O'Neal v. Harper, 182 Okl. 52, 75 P.2d 879; see also Irvine et al. v. Haniotis et al., 208 Okl. 1, 252 P.2d 470. Under the evidence, as outlined, both the existence of the verbal contract and the terms thereof were in dispute. There was no error in failing to affirmatively charge the jury "as a matter of law" that an oral agreement for the sale of property had been entered into between the parties when plaintiff made the deposit sought to be recovered. See Jones v. Major et al., Okl., 317 P.2d 190.

■ The fact situation in the present case is not analogous to that in Burford v. Bridwell, 199 Okl. 245, 185 P.2d 216, 218, 219, wherein we held that " * * * the vendee, under an agreement for the sale and purchase of land which does not satisfy the Statute of Frauds, cannot recover back

payments upon the purchase price if the vendor has not repudiated the contract but is ready, willing and able to perform in accordance therewith, even though the contract is not enforceable against the vendee either in law or in equity". See also 49 Am.Jur. 870, "Statute of Frauds", Sec. 564; 37 C.J.S. "Frauds, Statute of" § 256; Annotation in 169 A.L.R. 187. The vendee in the cited case disputed neither the factum of a complete oral agreement, nor his own repudiation thereof without a tenable legal cause. In the instant case, both of these issues presented a question of fact and were resolved in favor of the plaintiff. The rule announced in Burford v. Bridwell, supra, is therefore inapplicable here. See Helgeson v. Northwestern Trust, 103 Or. 1, 203 P. 586. See also Stanek v. Peterson, 26 Wash.2d 385, 174 P.2d 308.

■ Reversal is also sought upon the proposition that the verdict is not sustained by sufficient evidence. Defendant did not challenge the evidence either by a demurrer or by a motion for a directed verdict. The question of its sufficiency was raised for the first time in defendant's motion for a new trial. The objection then made came too late. In such state of the record, this Court will not inquire on appeal into the sufficiency of the evidence to establish a cause of action in favor of the plaintiff. The verdict must, to this extent, be treated as conclusive. Oklahoma State Union of Farmers' Educational and Cooperative Union of America v. Folsom, Okl., 325 P.2d 1053; Richardson v. Shaw, Okl., 313 P.2d 520; Richardson v. Butler, 206 Okl. 79, 240 P.2d 1058.

We find no errors in the judgment of the trial court and the same is affirmed. In accordance with plaintiff's request, the Court Clerk of the Superior Court of Seminole County is hereby directed to pay plaintiff, out of the funds deposited by defendant to supersede the judgment pending appeal, the sum of $500.00, together with interest at 6% from the date of judgment and the costs taxed in the trial court.