**BIRMINGHAM STEEL & SUPPLY, INC.,**
a corporation, Plaintiff in Error,

v.

**SMITHCO MANUFACTURING COMPANY,**
Defendant in Error.

No. 40660.

Supreme Court of Oklahoma.

Feb. 23, 1965.

Wheeler & Wheeler, Tulsa, for plaintiff in error.

Sanders, McElroy & Whitten, Tulsa, for defendant in error.

IRWIN, Justice.

Birmingham Steel & Supply, Inc., referred to as plaintiff, commenced proceedings against Smithco Manufacturing Company to recover the purchase price of a fabricated structure which it sold and delivered to defendant. Defendant defended the action on the grounds that it had paid in full all of its accounts or debts owing to plaintiff, or alleged to be owing, and had compromised, settled, discharged, extinguished, and obtained releases for the alleged indebtedness.

The jury returned a verdict in favor of defendant and judgment was rendered thereon. Plaintiff appeals from the order overruling its motion for a new trial.

## CONTENTIONS

Plaintiff contends the trial court erred in instructing the jury on the defense of accord and satisfaction, as the evidence failed to support such defense; and, in instructing the jury as to "account stated" as this issue was not supported by the evidence.

## CONCLUSIONS

The record reveals that plaintiff submitted no requested instructions, did not file a formal bill of exceptions, nor were any exceptions noted at the close of any of the instructions. The only exception to the instructions was made after the trial court had instructed the jury and "the plaintiff asked that its exceptions be noted to the Court's giving of Instruction No. 4, and Instruction No. 5." The record contains no notation that the same were given and excepted to, nor was the same signed by the trial judge.

Title 12 O.S.1961, § 578, provides:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction 'Refused and excepted to,' or 'Given and excepted to,' which shall be signed by the judge."

■ We construed the above statutory provision in Jones v. Farmer, Okl., 369 P.2d 817, and held that a general exception to instruction given and to instruction refused which is *not noted* thereon as provided by Title 12 O.S.1951, § 578, is insufficient to support an assignment of error based upon the giving or refusal to give the instruction. In Klaus v. Fleming, Okl., 304 P.2d 990, we said:

"* * * In order to have a review of the action of a trial court in giving certain instructions, it is necessary that the exceptions to the instructions given be signed by the trial judge, as provided by statute, 12 O.S.1951, § 578. The only exception to this rule is where prejudicial error, erroneous statements of fundamental law, appear upon the face of the instructions. * * *."

See also Atlas Life Insurance Company v. Eastman, Okl., 320 P.2d 397.

The facts in the case at bar are similar to those in Alva Roller Mills v. Simmons,

74 Okl. 314, 185 P. 76. In that case after the general instructions had been given by the trial court, defendant interposed the following: " 'By Mr. Sutton: The defendant objects and excepts to instructions * * * 7, 8, 10, and 13, given to the jury'."

In the above case we said there was no exceptions taken at the close of each instruction or any of them, and the attempted exception made by the defendant was not signed by the trial judge which the foregoing provision (the same being Sec. 578, supra) provides shall be done, and we held the exception was insufficient to bring to this Court anything for review.

We can only conclude that the exception in the instant action is not in compliance with Title 12 O.S.1961, § 578, and such exception is insufficient to support an assignment of error unless prejudicial error or a misstatement of any fundamental principle of law appears on the face of the instructions.

■ We have examined the instructions given and find that the issues involved in this case were properly submitted to the jury under the instructions given and no prejudicial error or misstatement of any fundamental principle of law appears on the face of the instructions.

Since no prejudicial error or misstatement of any fundamental principle of law appears on the face of the instructions and the exception to the instructions was not in compliance with Sec. 578, supra, the challenged instructions will not be reviewed by this Court on appeal.

■ Assuming, however, that plaintiff's contentions have the effect of challenging the sufficiency of the evidence to sustain the verdict, we find that plaintiff did not challenge the sufficiency thereof by a demurrer or a motion for a directed verdict. The first time the sufficiency of the evidence was challenged was in plaintiff's motion for a new trial. In Sarber v. Harris, Okl., 368 P.2d 93, 94, we held that this Court will not inquire into the sufficiency of the evidence to sustain a verdict where the sufficiency thereof is not challenged by demurrer or motion for a directed verdict and the question is raised for the first time in the motion for a new trial.

■ We therefore hold that if plaintiff's contentions have the effect of challenging the sufficiency of the evidence to sustain the verdict this Court will not inquire into the sufficiency thereof for the reason plaintiff did not challenge the same by demurrer or a motion for a directed verdict.

Finding no error in the record, the judgment is affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.

BERRY, J., concurring specially.

BERRY, Justice (concurring specially):

I agree that the trial court should be affirmed. I feel, however, that the instructions complained of by the plaintiff in error concern the decisive issue in this case; therefore, this Court should examine these instructions, as well as all the instructions, to determine whether or not the jury was sufficiently advised in this respect and if not, then fundamental error would have occurred and failure to properly except is not fatal.

The decisive issue, in my opinion, was whether or not by mistake the invoice for $2,280.91 was omitted and not considered in the settlement between the parties

The defendant's position was that plaintiff's claim was barred by reason of the asserted accord and satisfaction. The plaintiff pleaded that no such accord and satisfaction could have taken place because the settlement negotiations leading up to this neither included nor considered the invoice in question. Thus plaintiff presented an issue relative to a mistake of fact which, if supported by evidence and determined by the jury, would have negated the defense relied upon. This was a decisive issue in the case, and the trial court's

failure to instruct thereon would have constituted fundamental error. For such reason it is my opinion that this Court is required to examine the instructions given, even though not excepted to to ascertain whether fundamental error might have existed.

It is my opinion the instructions given sufficiently apprised the jury upon the issues, and that no fundamental error resulted from the form and substance of the instructions given.